### R. F. WRIGHT ET AL. v. KATE TIPTON.

#### No. 681.  Decided June 23, 1898.

**1.  Liquor Dealer's Bond—Person Aggrieved—Suit by Wife Alone.**

In an action on a liquor dealer's bond for the penalty recoverable under Revised Statutes, article 3380, on sale of intoxicating liquors to anyone after notice by his wife not to sell to such person, the wife is the "person aggrieved" within the terms of the statute, and may bring the action though the husband refuses to join with her. (P. 170.)

**2.  Same—Statutory Construction.**

The intention of the Legislature to protect the wife would be nullified by subjecting her right of action to the control of a husband assumed by the act to be beyond her influence and under that of the party to be sued; and such law must be presumed to have been passed with knowledge of a previous decision (Nickerson v. Nickerson, 65 Texas, 283), that the husband could not sue for a tort upon his wife of which he was a joint tort-feasor. (P. 171.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Fifth District, in an appeal from Ellis County.

*Wm. H. Allen* and *Groce & Skinner*, for appellants.—The mere refusal of the husband to become a party to this suit, the recovery in which, if any is had, must be community property, does not give to the appellee the right to sue alone.

The recovery of the judgment, if any, finally had in this case will constitute community property, and the suit therefor can be prosecuted by the husband alone; and his refusal to prosecute such suit constitutes no sufficient reason in law for the wife to prosecute it in her name.

The provision in our statutes which gives a right of action to any person aggrieved by a breach of a liquor dealer's bond, is penal in its character, and before a married woman, while living with her husband, can sue for and recover such penalty in her own name, it must appear with reasonable certainty from the terms of the statute that the recovery when had will be the separate property of such married woman, and that she otherwise comes within the provisions of the statute.

The statute referred to in proposition 3, and under which this suit was brought by appellee, does not by any provision therein attempt to make a recovery thereunder by a married woman the separate property of such married woman. Ezell v. Dodson, 60 Texas, 331; Railway v. Burnett, 61 Texas, 638; Gallagher v. Bowie, 66 Texas, 265; Nickerson v. Nickerson, 65 Texas, 281; Wartelsky v. McGee, 30 S. W. Rep., 69; Middlebrook v. Zapp, 73 Texas, 29; Peavy v. Goss, 90 Texas, 92; Receivers v. Co-op. Assn., 4 Texas Civ. App., 167; Endl. on Interp. of Stats., secs. 113, 115.

*Lancaster, Beall & Gammon,* for appellee.—The statute gives to "any person aggrieved" the right to sue upon the bond of a liquor dealer. A person is aggrieved when some legal right is infringed. The legal rights of the wife are infringed when a liquor dealer sells intoxicants to her husband after having been by her notified in writing in the manner prescribed by statute not to do so. The right of the wife in this State to sue for an infraction of a liquor dealer's bond by sales to her husband after notice in writing served in the manner required by statute does not depend upon the question of whether or not the amount recovered would be community property, but upon the intent and meaning of the statute itself, it being within the power of the Legislature to recover by suit in her name that which when recovered would be community property. It being the evident intent of the Legislature that a wife should have protection against sales of liquor to her husband after she has given the dealer notice in the manner required by law not to sell intoxicants to her said husband, and the husband not being allowed to bring the suit in his own name because he is one of the parties to the wrong. to deny to the wife the right to prosecute the suit would be to nullify that clause of the statute giving to the wife the right to have this notice served upon the dealer and to bring suit in the event of sale or gift thereafter. Rev. Stats., art. 3380; Fay v. Williams, 41 S. W. Rep., 497; Peavy v. Goss, 37 S. W. Rep., 317; Frobese v. Peavy, 43 S. W. Rep., 900; Goldsticker v. Ford, 62 Texas, 385.

BROWN, Associate Justice.—The Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court the following statement and question:

"This suit was instituted by Kate Tipton against R. F. Wright, a saloon dealer, and the other appellants as sureties upon his liquor dealer's bond, alleging two breaches of said bond of said R. F. Wright in the sale of liquor to the husband of the plaintiff after written notice served by her upon said R. F. Wright not to sell liquor to her husband; and claiming $1000 as damages. The petition shows that plaintiff is a married woman; that she and her husband are living together, and that the husband refuses to join in or prosecute the suit, and for that reason the wife sues alone. A recovery was had in the court below against appellants and in favor of appellee, Kate Tipton, the wife.

"Does the law authorize the prosecution of such a suit by the wife alone for damages against a liquor dealer for selling liquor to the husband, after the wife has given the statutory notice not to sell to him, when the husband refuses to prosecute such suit or to join the wife in doing so?"

The conditions of the bond required by article 3380, Revised Statutes, of a liquor dealer, so far as those conditions affect the question submitted, are in substance, "that he will not sell or permit to be sold in his house or place of business, nor give nor permit to be given any spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, to any person after having been notified in writing through the sheriff or other peace officer by the wife not to sell to such person." The statute further provides that the "bond may be sued on at the instance of the person aggrieved by the violation of its provisions, and such person shall be entitled to recover the sum of $500 as liquidated damages for each infraction of the conditions of such bond." The sale in this case was a violation of the conditions of the bond, and the notice having been given by the wife, she was the person aggrieved by such violation, and therefore by the strict letter of the statute was entitled to sue upon the bond and to recover the penalty prescribed.

The intention of the Legislature in enacting the law was to protect the wife against the indulgences of the husband, who is supposed to have progressed in drunkenness until he has lost self-control and is beyond the reach of a wife's influence, by putting restraint upon the vendors of intoxicating liquors. If it had been intended that the husband should sue in such case, or that his consent for the wife to sue should be given, the Legislature certainly would have expressed such an extraordinary purpose, which would give the wife a right of action subject to the control of him who would be under the influence of the party to be sued; indeed such a law would be a farce and unworthy of any legislative body.

In Nickerson v. Nickerson, 65 Texas, 281, the wife sued to recover, of the husband and another, damages for false imprisonment of her. The husband did not join in that action, and this court said: "The husband

could not have maintained an action against his codefendant for a tort upon his wife in the perpetration of which they are joint tort feasors, for out of his own wrong no action could accrue to him." That case was decided in the early part of 1886, and the law under which this suit is brought was enacted in 1887. Counsel for appellants in their brief have well said: "The Legislature is always presumed to know the law, and while the courts are interpreting its enactments, it is but fair that this presumption should be kept in mind." The case at bar comes clearly within the principle laid down in Nickerson v. Nickerson, which was the law announced in this State when the act of the Legislature under which this suit was brought was passed, and we presume that the Legislature knew at the time that under such an act the husband could not maintain a suit in the courts of this State unless specially authorized by statute to do so, and that in the enactment of the law it was intended to do just what the language expresses, that is, to give to the wife the right to sue in her own name and to recover the penalty in her own right.

We answer that the plaintiff below had the right to maintain this action, under the facts stated, without being joined by her husband.