(30 Misc. Rep. 336.)

### GOLDMAN v. COHEN.

(Supreme Court, Special Term, New York County. January, 1900.)

INJURY TO HUSBAND—RIGHTS OF WIFE.

    A wife cannot recover compensation for loss sustained by her on account of a personal injury to her husband due to defendant's negligence.

Action by Betsey Goldman against Richard Cohen. Judgment for defendant on a demurrer to the complaint.

Nelson & Watters, for plaintiff.

Petrasch & Burnet, for defendant.

RUSSELL, J. The defendant demurs to the complaint, which seeks recovery by a wife for the loss she sustained as a wife by the injury to her husband from the negligence of the defendant in the management of a horse. Her loss is that which usually occurs to a wife from the illness of a husband, in the deprivation of support and consortium, and the need of her personal care for him during his sickness. No case is cited where the wife recovered upon such a claim, and the absence of precedent, where such demands might have been numerous, if sustained by the law, goes far to the belief that such negligence has never yet been embraced within the circle of causes of action recognized by law, beyond the right given to the injured one, and its survival to the consort and next of kin in the event of his death. It is true that this century just closing has seen, with our own state foremost in the advance, the adoption by unwritten and statutory law of juster and wider views of the wife's existence as a human being, by the emancipation of her person from "the moderate chastisement" of the husband, and the protection of her rights of property; but her interest in the husband's life and companionship is not a right of property, or derived from a contract of bargain and sale. That interest lies in a region into which the law does not enter except when necessity compels. It does recognize invasion by willful misconduct. It inflicts heavy damages upon the enticer or seducer. But this is for punishment and atonement rather than compensation. It comes within the range of concurrent and supplementary adjuncts to the criminal law for the prevention and redress of wrongs. The fault of negligence rarely demands a greater remedy than mere compensation. The right of action is remedial, not punitive. It reaches not out to those indirectly suffering by impairment of domestic relations, giving to dependent wife or child pecuniary equivalent. So far as the law can, it neutralizes such indirect losses by compensation to the husband and father, thus giving him the means of supplying the loss in earning power and expenses of sickness, and so avoids double or triple recoveries for the same elements of compensatory damages by different persons against him whose fault only gives ground for one restitution. The breach of a contract obligation directly affects the power of the husband to give solace and comfort to the wife, but she may not have a personal right of action except where the law does allow her to be the moving cause to invoke the courts to

punish destruction of marital rights. Judgment for defendant, on demurrer, with costs.

Judgment for defendant, with costs.