Newman, J.
The question presented here is whether or not a wife has a right of action against a person for the loss of the consortium of her husband caused by personal injuries sustained by him through the negligence of such person. It is conceded that such 'right did not exist at common law. It is suggested, however, that if the husband has the right to' recover for the loss of the consortium of the wife in an action predicated upon negligence, there is no reason why such right should not exist now in favor of the wife in case of the loss of the consortium of the husband, inasmuch as her common-law disabilities have been abrogated by statute. It is true-that at common law the husband could maintain an action for the loss of the consortium of the wife, but within the legal meaning of consortium there was included not only affection, solace, comfort, companionship and society incidental to the marital relation, but also the services of the wife. These services of the wife in the household, in the discharge of her domestic duties, in the care of the home and in the education and rearing of the children, belonged to the husband. They were of a practical and material value and capable of being estimated in money. If the wife for any reason was unable to perform them the loss was- the husband’s, not hers, and he was permitted to sue for the loss thereof. The loss of services constituted the gist of *104 the action where the injury complained of was due to negligence. This right has not been abridged or affected by the legislation which has abrogated the common-law disabilities of the wife. B. & O. Rd. Co. v. Glenn, 66 Ohio St., 395. In that case it is said that the husband is entitled to the society and services of the wife and that for an invasion of such right he can maintain an action, but the basis of recovery in that case was the loss of services and the expenses the husband had incurred in healing the wife’s injuries. The services for which the wife may now recover compensation in her own name, since the removal of her common-law disabilities, are services other than those rendered in the discharge of her household and domestic duties and not in interference therewith. Bechtel v. Ewing, Admr., 89 Ohio St., 53.
In the case at bar plaintiff avers that, by reason of the injuries complained of, her husband has become nervous, irritable, morose, fretful, excitable and ill-tempered, so that she is deprived of his society, companionship, conjugal affection, fellowship and assistance. She is complaining of an invasion of those rights which are associated with what has been designated the sentimental side of-the marital relation and wholly unrelated to services. In none of the cases to which our attention has been called has it been held that the right, for which plaintiff is contending here existed in the husband unaccompanied by a claim for a loss of services. There is no reason then why the wife should be permitted to maintain an action where the same right *105 does not exist in the husband. There is no statute conferring such right.
In the present case the wife predicates her right of recovery upon the negligence of the defendant in injuring her husband. Malice is not charged. There was no intentional wrong. Where there is an interference with the marital relation and the act complained of is wrongful and malicious and its natural and probably result is to accomplish the injury complained of, there is no question but that a right of action will lie, and either husband or wife may maintain an action against the wrongdoer who deprives the one of the society,'companionship and affection of the other. In such cases the law usually inflicts heavy damages upon the wrongdoer, more in the nature of punishment than as compensation. It is not necessary that there should be any pecuniary loss. As has been said, it comes within the range of concurrent and supplementary adjuncts to the criminal law for the prevention and redress of wrongs. Goldman v. Cohen, 63 N. Y. Supp., 459.
Counsel cite and rely upon Flandermeyer v. Cooper, 85 Ohio St., 327. That was an action against one who maliciously and wrongfully interfered with the marital relationship and deprived the wife of the society, affection and consortium of the husband. The element of malice does not enter into the case at bar, and there is therefore a marked distinction between the two cases.
It is the duty of the husband to support the wife and minor children out of his property or by his labor. In this case plaintiff is not asking, nor could she ask, damages for an injury inflicted upon the *106 husband to the diminution of his earning* capacity and subsequent ability to support and maintain her. The husband is entitled to full compensation for such loss and in the eyes of the law he is made whole. In such case the impairment of the physical powers and faculties of the husband is taken into consideration in the award of damages and he is, theoretically at least, fully reimbursed on account of such loss. The wife and the children are indirectly benefited by such recovery. As was said in Fennef v. N. Y. C. & H. R. Rd. Co., 203 Mass., 278: “The diminished value of the husband’s consortium with his wife, in such case, is like the diminished value of the work that the husband can do for the support of his wife and the education and support of his minor children. The negligent defendant is supposed to have made full pecuniary compensation to the husband and father for his injury. In the benefit from that payment the wife and children will be expected to share to some extent. If they still suffer loss, it is not direct, but only consequential.” And in Goldman v. Cohen, supra: “The fault of negligence rarely demands a greater remedy than mere compensation. The right of action is remedial, not punitive. It reaches not out to those indirectly suffering by .impairment of the domestic relations, giving* to the wife or child pecuniary equivalent. So far as the law can, it neutralizes such indirect losses by compensation to the husband and father, thus giving* him the means of supplying the loss in earning* power and expenses of sickness, and so avoids double or triple recoveries for the same elements of compensatory damages by different per *107 sons against him whose fault only gives ground for one restitution.”
And again, it is well settled that in an action to recover damages for injuries sustained through negligence the defendant can be held to respond in damages only for the direct and proximate result of the negligent act complained of. In determining what is the direct or proximate cause the rule requires that the injury sustained shall be the natural and proximate consequence of the negligence alleged. The loss of the husband’s society, companionship, conjugal affection, fellowship and assistance is, we think, not the natural result of the physical injury sustained by the husband. Such could not have been foreseen or anticipated by the defendant as likely to follow from his negligent act. “Loss or impairment of conjugal affection is certainly not a natural-result of physical injuries suffered by one of the parties to a marital union. Neither is there to be expected an impairment in other ways of the conjugal relation viewed from its sentimental, as distinguished from its practical side. It is scarcely to be imagined that the law in the early stages of its development had any notion of assuming that a physical injury to a wife could be attended with such consequences as these, or of justifying an inquiry whether, in the given case, such consequences had actually arisen, or of attempting to measure the pecuniary value of such consequences and awarding that measure to the husband.” Marri v. Stamford St. Rd. Co., 84 Conn., 9. Where malice enters into the matter and there is an intentional wrong, and where the nat *108 ural and probable result of the act of the wrongdoer is to accomplish the injury complained of, the case is entirely different. In Brown v. Kistleman, 177 Ind., 692, the question presented here was before the court for consideration and that court reached the same conclusion we have reached.
For the reasons we have given, the petition did not constitute a cause of action and the demurrer was properly sustained.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, Jones and Matthias, JJ., concur.
Wanamaicer, J., dissents.