THOMAS J. COSTELLO and ANNA L. COSTELLO, as Administrators, etc., of SHIRLEY C. COSTELLO, Deceased, Respondents, v. BUFFALO GENERAL ELECTRIC COMPANY, Appellant.

Fourth Department, May 1, 1918.

Gas and electricity — negligence — death of infant caused by broken high tension wire — delay in repairing wire which fell upon public street — evidence raising question of defendant's negligence — erroneous charge — no recovery for loss of society of child — delay in making repairs after accident.

Where in an action to recover for the death of a child who was killed by touching a high voltage wire which broke from the defendant's poles and hung down so as to touch the ground in a city street it appears that the dangerous condition existed for an hour or more before the accident, the defendant's negligence was properly submitted to the jury.

But it is reversible error to charge in such action that the jury in determining the damages may take into account the society and comfort which the child would have been able to give to his father in after years, for the death statute does not cover loss of society.

Moreover, it was prejudicial error to permit the plaintiff to prove that there was a delay of about an hour after the accident before the repair was made.

APPEAL by the defendant, Buffalo General Electric Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 18th day of October, 1917, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the 3d day of November, 1917, denying defendant's motion for a new trial made upon the minutes.

*Ulysses S. Thomas,* for the appellant.

*Orson J. Weimert,* for the respondents.

KRUSE, P. J.:

This is a death case. The plaintiffs' intestate, a child about seven years old, came in contact with a wire charged with a deadly current of electricity, resulting in death.

The defendant transmits electric energy by means of wires and poles located in the streets in the city of Buffalo. One of these wires broke so that one end hung down entirely or quite to the ground and the child touched it. This dangerous condition existed in the street for an hour or more before the accident. The condition of the wire before it broke and the circumstances respecting the failure of the defendant to take care of this broken wire and remove the menace to public safety. in the street were such as to justify the submission of defendant's negligence to the jury. Numerous exceptions were taken during the trial. I think we might well disregard all as not well taken or not so prejudicial as to require a reversal, except the one to the charge respecting damages, and one other, to which I call attention presently.

While the jury were instructed that only damages for pecuniary loss could be given and were cautioned not to give damages for grief or mental suffering, they were also told to take

into consideration in determining the damages the " society and comfort [the child] would have been able to give to the father in future years." I think this incorrect. The rule is well settled that the death statute (Code Civ. Proc. § 1902 *et seq.*) does not cover loss of society. (*Tilley* v. *Hudson River R. R. Co.,* 24 N. Y. 471, 476; *Sternfels* v. *Metropolitan Street R. Co.,* 73 App. Div. 494; affd., 174 N. Y. 512; *American Railroad of Porto Rico* v. *Didricksen,* 227 U. S. 145.) Very likely this was an inadvertent remark, but the exception pointed it out very specifically and we cannot say that it was not prejudicial, especially in view of the pathetic incident which occurred upon the trial when the father was testifying.

A majority of the court are also of the opinion that it was prejudicial error to permit the plaintiffs to prove that there was a delay of about an hour after the accident before the defendant's repair wagon came to repair this wire, in view of the concession by the defendant that the wire belonged to the General Electric Company.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.