EMMA LANDWEHR, Appellant, v. FLORENCE BARBAS, Respondent, and AUGUSTUS HUGHES, Defendant.— Order dismissing the complaint as against defendant Florence Barbas for insufficiency affirmed, with ten dollars costs and disbursements. The loss of opportunity of child-bearing, due to physical injuries of a husband caused by the negligence of a third party, has never been recognized as giving a cause of action to a husband or wife against the wrongdoer. There are so many elements of doubt and conjecture in connection with the birth of children that it cannot be said that the wrong is the proximate cause of the loss. If the complaint be construed to mean that because of the injuries the husband has become sexually impotent, the wife has no cause of action. (*Boden* v. *Del-Mar Garage*, [Ind.] 185 N. E. 860, not yet officially published.) Lazansky, P. J., Hagarty, Carswell and Tompkins, JJ., concur; Scudder, J., dissents and votes for a reversal of the order dismissing the complaint, with the following memorandum: This is not an action by a wife for loss of services of her husband, but for the loss of consortium. It is predicated upon the negligence of the defendant in causing physical injuries to her husband resulting in his emasculation, so that children cannot be born out of the marriage of plaintiff and her husband. This is set forth in the complaint, and for the purposes of this appeal must be assumed to be true. The question is, may a wife maintain such an action. We know she could not at common law, but in recent years the status of a wife has changed materially. At common law she could not maintain an action for the alienation of her husband's affections, nor for criminal conversation. Today she may. (*Bennett* v. *Bennett*, 116 N. Y. 584; *Oppenheim* v. *Kridel*, 236 id. 156.) I do not follow the logic of the argument to the effect that a husband may sue for loss of consortium, but a wife may not. In the eyes of our law, marriage is a civil contract; its justification is procreation to preserve the family and the State. Shall it be said that one of the parties to this contract, the wife, may be deprived of its fruit through the tort of a third person without the redress accorded to the husband? When the husband sues to recover compensation for the loss of his wife's services due to a tort which, among other injuries, has destroyed in her the ability to conceive and bear children, this element is not taken from the consideration of the jury in assessing damages. Children are not less precious nor less valuable to the mother than to the father. In a case such as this, the wrong done is individual both to the husband and to the wife, and a right of action against the wrongdoer should be in each of them. We have recognized the right of the wife to recover compensation for the loss of her

husband's attentions, caresses, affection, exclusiveness; then why not for the loss of her right to motherhood within her marriage contract? Surely this loss transcends all the others. For its loss through the tort of another, she is entitled to such compensation as the law can afford.