CORA G. MALOY, Plaintiff, *v.* GEORGE FOSTER, Defendant.

Supreme Court, Tioga County, December 27, 1938.

*Andrews & Andrews [George L. Andrews* of counsel], for the plaintiff.

*Walter J. Relihan,* for the defendant.

McNAUGHT, J. In the determination of the motion we are restricted entirely to the allegations of the complaint. The facts alleged are deemed to be true. Every reasonable intendment is in favor of the complaint, and it must be sustained if, on any theory on the facts alleged, plaintiff is entitled to recover.

In substance, the complaint alleges that on or about the 2d day of July, 1937, the plaintiff's husband, while a pedestrian upon a public highway, sustained serious personal injuries by reason of the negligence of the defendant in operating a motor vehicle owned by him; that such injuries were due solely to the negligence of the defendant, and plaintiff's husband in no manner contributed by his negligence or want of care to causing the same; that as a result of the negligence of the defendant the plaintiff was obliged to find employment for herself owing to the fact her husband was no

longer able to support her, was compelled to apply to the public authorities for help and medical attention, and in consequence of the injuries to her husband has been deprived of his services and of her comfort and happiness in his society and companionship.

The facts alleged state a cause of action for loss of consortium. The question is clearly presented: Can a wife maintain an action to recover damages from a third party for the loss of consortium and impairment of the ability of the husband to support the wife?

Our attention has not been called, nor do we find upon examination, any direct authority from courts of appellate jurisdiction in the State of New York. In general, such actions are maintained to redress wrongs which have a direct tendency to deprive the husband or wife of the consortium of the other spouse. We have been unable to find any authority in which an action for the loss of consortium alone has been maintained solely because of an injury to the person of the other spouse, for which that other has recovered or is entitled to recover full compensation in his or her own name.

The loss of opportunity of child bearing due to physical injuries of a husband caused by negligence of a third party has never been recognized as giving a cause of action to a husband or wife against the wrongdoer. (*Landwehr* v. *Barbas*, 241 App. Div. 769.) There was a vigorous dissent in the Appellate Division by SCUDDER, J., holding that, while such an action could not be maintained at common law, under the statutes changing the status of married women conditions had so changed that such right of action should be recognized. The majority opinion, however, was unanimously affirmed, without opinion, by the Court of Appeals. (270 N. Y. 537.)

It has been well established that where injuries result in sexual impotence no cause of action exists because there are so many elements of doubt and conjecture that it cannot be said the wrong is the proximate cause of the loss. (*Devine* v. *Brooklyn Heights R. Co.*, 198 N. Y. 630; *Boden* v. *Del-Mar Garage*, 205 Ind. 59; 185 N. E. 860.)

In this State it has been held that a wife cannot maintain an action for the loss of her husband's support, companionship and personal care, resulting from the fact that he has been injured by the defendant's negligence, as neither common nor statutory law affords any ground for such an action. (*Goldman* v. *Cohen*, 30 Misc. 336.)

The general rule is clearly stated in 13 Ruling Case Law, page 1443, section 493, where it is said: " In the United States it is the better view that though a wife is given the right to sue alone for injuries affecting her rights and though she has such a legal right

in the so-called ' consortium ' of her husband that she may have a right of action against a third person when such right is directly invaded, yet in the case of a personal injury inflicted upon a husband by the negligent act of another, though such act indirectly results in the loss or impairment of her right of consortium, and the ability of her husband to support her, she cannot maintain an action therefor; the remedy for such a wrong is to be redressed solely by an action by the husband to recover his damages; and the wrong to a wife which may be redressed by her action for loss of consortium or support is restricted to those which have a direct tendency to deprive the wife of her right in this respect."

The rule is likewise stated in 30 Corpus Juris, page 973, section 693: " For an injury done to the husband the wife cannot join with him in an action for damages, unless by statutory authority; and, except in one State, no action accrues to the wife for the loss sustained by her, such as his consequent inability to support and maintain her comfortably, or loss of his wages, services, or consortium, nor can she recover for nursing him, where the injury was caused by a third person's negligence."  The one State referred to in the above quotation was North Carolina, which, by subsequent decision, has reversed the case so holding.  (See *Hinnant* v. *Tide Water Power Co.*, 189 N. C. 120; 126 S. E. 307.)

In Massachusetts it has been held that a wife cannot recover damages for physical and mental injuries by a stranger to her husband which resulted in suffering and anxiety to her and required her to assume heavy and arduous duties, and that a wife cannot recover for loss of consortium against a third party for negligently injuring her husband physically and mentally, so that his companionship is less satisfactory and valuable than before the injury, where he has a right to recover full compensation in his own name. (*Feneff* v. *N. Y. C. & H. R. R. R. Co.*, 203 Mass. 278; 89 N. E. 436.)

In instances where the injury to the wife is direct and hence of legal necessity the damages must belong to her solely, then the action can be maintained in her own name.  Instances were actions to recover damages for alienation of affections or for criminal conversation.

The weight of authority is that a wife cannot maintain an action in her own name for loss of her husband's services, including loss of consortium resulting from personal injury to him caused by negligence of a stranger.  (*Tobiassen* v. *Polley*, 96 N. J. L. 66; 114 A. 153.)

While the wife may recover for the loss of consortium of her husband due to an intentional wrong or a direct attack on the marriage relation, as for the alienation of the husband's affections

and the like, yet, in the absence of a statute conferring the right, no recovery can be had for the loss of consortium due merely to a negligent injury, and a married woman's act giving her a right to hold separate property and to sue alone confers no new right of action. (*Cravens* v. *Louisville & N. R. R. Co.*, 195 Ky. 257; 242 S. W. 628.)

Cases from many jurisdictions might be cited, of which the following are illustrations: *Smith* v. *Nicholas Bldg. Co.* (93 Ohio St. 101; 112 N. E. 204); *Brown* v. *Kistleman* (177 Ind. 692; 98 N. E. 631); *Emerson* v. *Taylor* (133 Md. 192; 104 A. 538); *Nieberg* v. *Cohen* (88 Vt. 281; 92 A. 214); *Sobolewski* v. *German* (32 Del. 540; 127 A. 49).

The American Law Institute, in its Restatement of the Law of Torts, has adopted and promulgated the same rule: " A married woman is not entitled to recover from one who, by his tortious conduct against her husband has become liable to him for illness or other bodily harm, for harm thereby caused to any of her marital interests or for any expense incurred in providing medical treatment for her husband." (3 Restatement of the Law of Torts, p. 496, § 695.)

It may seem anomalous to hold that a husband may maintain in principle such an action, and a wife may be denied an equal right. It is rarely, however, that we find a principle of law so universally settled and by authorities from all jurisdictions with liberal statutes emancipating women from common-law disabilities. It seems unquestioned and incontrovertible that the plaintiff, upon the facts alleged in her complaint, cannot recover and has failed to state facts sufficient to constitute any cause of action against the defendant.

Motion to dismiss complaint granted, with ten dollars costs.

Submit order accordingly.