**ARCHAMBEAULT et al. v. DRAPER.**

No. 11510.

United States District Court
E. D. New York.

March 28, 1951.

Carter, Ledyard & Milburn, New York City, for plaintiffs, Edwin H. Krom, New York City, of counsel.

Richard R. Bongartz, New York City, for defendant, Ralph E. Marson, New York City, of counsel.

INCH, Chief Judge.

This is a motion by defendant to dismiss the Fourth and Fifth causes of action set forth in the complaint on the ground that they fail to state facts sufficient to constitute a cause of action.

The complaint alleges that the deceased, Henry A. Archambeault, was killed on November 22, 1950 at Kew Gardens, Long Island, while riding as a passenger on a train owned and operated by the Trustees of the Long Island Rail Road Company. The deceased is survived by his wife, Laura Archambeault, who sues in this action as administratrix and individually, and by his

daughter, Constance P. Archambeault, who sues individually. Since the daughter is suing individually and without a guardian *ad litem*, it may be presumed that she is *sui juris*. The defendant is the present Trustee of the Long Island Rail Road Company.

The complaint sets forth five causes of action. The First and Second are by the administratrix under the Wrongful Death Act of the State of New York, Decedent Estate Law, McKinney's Consol.Laws, c. 13, § 130, for negligence and alleged breach of the transportation contract. The Third cause of action is by the administratrix for damages resulting from the pain and suffering endured by the deceased prior to his death. Decedent Estate Law, §§ 119 and 120.

The Fourth cause of action, to which defendant's motion to dismiss is addressed, is by the widow individually for $50,000 damages for deprivation "of the society, conjugal love and affection, companionship and association of her said husband", and because "her comfort and happiness have been permanently impaired thereby". The Fifth cause of action, to which defendant's motion is also addressed, is by the deceased's daughter for $50,000 for deprivation "of the society, love and affection, companionship and paternal guidance of her father", and because "her comfort and happiness have been permanently impaired thereby".

■ Plaintiffs concede that they are not entitled to recover damages for loss of society and companionship of the deceased under the New York Wrongful Death Act, Decedent Estate Law, § 130, or under the survival statute concerning pain and suffering, Decedent Estate Law, §§ 119 and 120, and that under the Wrongful Death Act only injuries to financial interests, particularly medical and funeral expenses and pecuniary loss, are made compensable and only a representative may sue therefor. They also concede that they have fully pleaded all the claims which they may assert under the above statutes.

Plaintiffs admit that the Fourth and Fifth causes of action are not based upon or supported by any other statute. However, they contend that the statutory law of New York does not affect the claims asserted in the Fourth and Fifth causes of action in any way, either favorably or adversely. It is their position that the above statutes are addressed only to the rights of *representatives* of the deceased or his estate or next of kin, and not to the rights of a widow or daughter in their *individual* capacities, as asserted in the Fourth and Fifth causes of action. Thus, it is argued that this motion must be decided on the principles and authority of the common law, and that there is no authority in the State of New York which precludes recovery in a death action on the part of a widow for loss of society, and on the part of a daughter for a loss of companionship and paternal guidance.

■ It is fundamental that there was no action for wrongful death at common law and that the right of recovery for wrongful death is purely statutory. See cases collected in 25 C.J.S., Death, §§ 13, 14 pp. 1072, 1075. It follows that the elements of damage for which recovery may be had is governed by the terms of the applicable statute. Recovery under the New York Wrongful Death Act is limited to "a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought". Decedent Estate Law, § 132. It has been said that the object of the survival statute governing recovery for pain and suffering and the wrongful death statute "give and preserve to the parties damaged a complete remedy and opportunity to recover the complete loss sustained". Holmes v. City of New York, 269 App.Div. 95, 98, 54 N.Y.S.2d 289, 293, affirmed 295 N.Y. 615, 64 N.E.2d 449. As conceded by plaintiffs, elements of affection, deprivation of society and companionship are not recoverable in an action brought under the New York Wrongful Death Act. Tilley v. Hudson River Railroad Co., 24 N.Y. 471; Sternfels v. Metropolitan Street Railway Co., 73 App. Div. 494, 77 N.Y.S. 309, affirmed 174 N.Y. 512, 66 N.E. 1117; Costello v. Buffalo General Electric Co., 183 App.Div. 48, 170 N.Y.S. 1006. Plaintiffs contend that these cases are inapplicable because the elements of damage contained in the Fourth and

Fifth causes of action are sought in plaintiff's individual capacities and not under the provisions of the statute. The simple answer to that contention, as has been noted above, is that there can be no recovery for damages resulting from wrongful death apart from the statute.

■ It is interesting to note that in the State of New York, even in personal injury actions due to negligence where death does not result, a widow may not recover for loss of society. Goldman v. Cohen, 30 Misc. 336, 63 N.Y.S. 459; Maloy v. Foster, 169 Misc. 964, 8 N.Y.S.2d 608. In fact the rule has been so widely adopted in personal injury cases that recently the United States Court of Appeals for the District of Columbia Circuit, in holding that the rule should not be followed in that jurisdiction, was compelled to recognize that there was a "unanimity of authority elsewhere" to the contrary and that the Court had "found only one case in which the action was allowed, and that authority has since been effectively overruled". Hitaffer v. Argonne Co., D.C.Cir., 183 F.2d 811, 812–813, certiorari denied 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624. This Hitaffer case was not a "death" case.

The cases relied upon by plaintiffs, namely, Daily v. Parker, 7 Cir., 152 F.2d 174, 162 A.L.R. 819 and Pickle v. Page, 252 N.Y. 474, 169 N.E. 650, 72 A.L.R. 842, have no application to the instant case. Daily v. Parker was a suit by minor children against a woman to recover damages for causing their father to leave them and to refuse to further contribute to their maintenance and support. Thus the action was founded on a direct tortious interference with the marital relationship. Pickle v. Page was an action by a foster parent to recover damages resulting from the abduction of his adopted child. There again the action was based on a direct tortious interference with a family relationship. Clearly the elements of damage recoverable in the case of enticement or abduction have no bearing in a negligence action for wrongful death arising from a train collision.

The motion is granted. Settle order.