ANTHONY J. PASSALACQUA et al., Plaintiffs, *v.* WILLIAM H. DRAPER, JR., as Successor Trustee of the LONG ISLAND RAIL ROAD COMPANY, et al., Defendants.

Supreme Court, Special Term, Nassau County, May 7, 1951.

*Richard R. Bongartz* for William H. Draper, Jr., as successor trustee, defendant.

*Sallah & Trapani* for plaintiffs.

COLDEN, J. Plaintiff Anthony J. Passalacqua sues the defendant to recover damages for personal injuries claimed to have been sustained by him while a passenger on a Long Island Rail Road train which was in a collision with another train of that railroad at or near Richmond Hill, New York, on November 22, 1950. His wife, the plaintiff Florence Passalacqua, seeks damages of said defendant alleging in her cause of action that she " has suffered the loss of the services of her said husband which had, prior to his injuries as hereinbefore set forth, been of great value to her and she has been deprived of her husband's affection, society, companionship and consortium. The plaintiff, Florence Passalacqua, has rendered services and will be required to render services in the future for the care of her said husband. That she has been and will continue to be otherwise greatly injured, inconvenienced and harassed because of the recklessness, carelessness and negligence of the defendants, as aforesaid." It is the latter cause of action which the defendant

William H. Draper, Jr., as trustee of the Long Island Rail Road Company, now challenges for legal insufficiency, contending that no right of action exists in this State in favor of a wife for her loss of consortium due to the personal injuries suffered by her husband.

Three decisions in the courts of this State have been referred to by the moving defendant as standing for the proposition that no cause of action, such as has been pleaded by the plaintiff wife, is maintainable here. The first, *Goldman* v. *Cohen* (30 Misc. 336), was decided in January, 1900, by Mr. Justice RUSSELL sitting in the Special Term of the New York County Supreme Court. There the defendant demurred to a similar complaint. The court sustained the demurrer on the ground that neither the common nor the statute law afforded any ground for such an action. In distinguishing between the invasion of a wife's rights through willful and malicious misconduct and fault through negligence, the court pointed out that redress for invasion by willful misconduct was then recognized and heavy damages were inflicted upon the enticer or seducer as " punishment and atonement rather than compensation." The fault of negligence, however, rarely demanded a greater remedy than mere compensation. " The right of action is remedial,— not punitive. It reaches not out to those indirectly suffering by impairment of domestic relations, and give to dependent wife or child pecuniary equivalent. So far as the law can, it neutralizes such indirect losses by compensation to the husband and father, thus giving him the means of supplying the loss in earning power and expenses of sickness, and so avoids double or triple recoveries for the same elements of compensatory damages by different persons against him whose fault only gives ground for one restitution." (P. 337.)

The second, *Landwehr* v. *Barbas* (241 App. Div. 769, affd. without opinion 270 N. Y. 537), was decided by the Second Department in March, 1934. There the court held that the loss of opportunity of child-bearing due to physical injuries of a husband caused by the negligence of a third party has never been recognized as giving a cause of action to a husband or wife against the wrongdoer.

The third, *Maloy* v. *Foster* (169 Misc. 964), was a decision by Mr. Justice McNAUGHT rendered in the Supreme Court, Tioga County, on December 27, 1938. In dismissing the complaint, pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, the court concluded, after a review of the authori-

ties, that anomalous though it may seem, a husband may maintain an action for loss of consortium when his wife is injured by a third party, but the latter is denied an equal right.

The latest reported decision on the subject was made by the United States Court of Appeals, District of Columbia Circuit, on May 29, 1950 (*Hitaffer* v. *Argonne Co.*, 183 F. 2d 811, certiorari denied 340 U. S. 852). There, the court held that a wife has a cause of action for loss of consortium due to a negligent injury of her husband and that the husband and wife have in the marriage relation *equal rights* which should receive *equal protection* of the law. The court observed (p. 819): " it appears to us that logic, reason and right are in favor of the position we are now taking. The medieval concepts of the marriage relation to which other jurisdictions have reverted in order to reach the results which have been handed to us as evidence of the law have long since ceased to have any meaning. It can hardly be said that a wife has less of an interest in the marriage relation than does the husband or in these modern times that a husband renders services of such a different character to the family and household that they must be measured by a standard of such uncertainty that the law cannot estimate any loss thereof. The husband owes the same degree of love, affection, felicity, etc., to the wife as she to him. He also owes the material service of support, but above and beyond that he renders other services as his mate's helper in her duties, as advisor and counselor, etc. Under such circumstances it would be a judicial fiat for us to say that a wife may not have an action for loss of *consortium* due to negligence."

With the views expressed by the learned Judge who wrote the opinion for the Circuit Court in the *Hitaffer* case (*supra*), this court finds itself in accord. The status of a wife has changed materially in modern times. Women are not second rate citizens. They are active in the home, business, the professions, politics and in every phase of civic and community affairs. The area of their endeavor and the extent of their work is unlimited. When so-called intentional or malicious invasions of the right to consortium gave rise to a cause of action for damages in New York, no distinction was made between the wife's interest in the marital relation and that of the husband. The Court of Appeals expressed itself in this fashion in *Bennett* v. *Bennett* (116 N. Y. 584, 590): " The actual injury to the wife from the loss of *consortium*, which is the basis of the action, is the same as the actual injury to the husband from that cause. His right to the conjugal society of his wife is no greater than her right

to the conjugal society of her husband. Marriage gives to each the same rights in that regard. Each is entitled to the comfort, companionship and affection of the other. The rights of the one and the obligations of the other spring from the marriage contract, are mutual in character and attach to the husband as husband and to the wife as wife. Any interference with these rights, whether of the husband or of the wife, is a violation not only of a natural right, but also of a legal right arising out of the marriage relation. * * * As the wrongs of the wife are the same in principle and are caused by acts of the same nature as those of the husband, the remedy should be the same.''

The court can perceive no logic to the contention that a husband may sue for loss of consortium, but a wife may not where the injury caused by the third party is merely the result of negligence. Accordingly, for the reasons stated in the *Hitaffer* case (*supra*) the motion to dismiss the complaint is denied. In reaching this conclusion, the court has not overlooked the New York cases above referred to. The two Special Term cases are based upon no authoritative New York decision which this court is bound to follow. The *Landwehr* case (*supra*), decided by the Appellate Division, this department, and affirmed without opinion by the Court of Appeals, is distinguishable on its facts in that there, the court merely decided that there can be no recovery by a wife of the loss of opportunity of child-bearing due to physical injuries of a husband caused by the negligence of a third party. In reaching that conclusion, the court was careful to point out that there were so many elements of doubt and conjecture in connection with the birth of children that it cannot be said that the wrong is the proximate cause of the loss.

Submit order.