SIDNEY B. LURIE et al., Plaintiffs, *v.* FRANK MAMMONE et al., Defendants.

Supreme Court, Special Term, New York County, September 25, 1951.

*Harry P. Rich* for Chair Service Co., Inc., defendant.

*Arnold C. Stream* for plaintiffs.

HECHT, J. The plaintiffs in this action are husband and wife. The husband's cause of action is for damages resulting from the alleged negligence of defendants. The wife's cause of action is based on the fact that she " has been deprived of the services of her said husband and of his society, companionship and consortium.'' This motion is to dismiss the wife's cause of action for insufficiency.

It is generally stated that an action of this type may not be maintained by the wife. (3 Restatement, Torts, § 695; 41 C. J. S., Husband and Wife, § 404; Note, 5 A. L. R. 1049, 1050.) Decisions to this effect exist in this State. (*Goldman* v. *Cohen,*

30 Misc. 336; *Maloy* v. *Foster*, 169 Misc. 964.) The only contrary decision appeared recently in *Passalacqua* v. *Draper* (199 Misc. 827) where the court at Special Term followed a decision by the United States Court of Appeals for the District of Columbia in *Hitaffer* v. *Argonne Co.* (183 F. 2d 811) which contains an analysis of the existing cases and the court's complete disagreement of their *ratio decidendi*.

The court in the *Maloy* case stated (p. 967): " It seems anomalous to hold that a husband may maintain in principle such an action, and a wife may be denied an equal right. It is rarely, however, that we find a principle of law so universally settled and by authorities from all jurisdictions with liberal statutes emancipating women from common-law disabilities. It seems unquestioned and uncontrovertible that the plaintiff, upon the facts alleged in her complaint, cannot recover and has failed to state facts sufficient to constitute any cause of action against the defendant.''

It is argued that our Court of Appeals has indicated that such a cause of action may be maintained by its decisions in *Bennett* v. *Bennett* (116 N. Y. 584, an action by the wife for alienation of affections) and *Oppenheim* v. *Kridel* (236 N. Y. 156, an action for criminal conversation). These decisions have been explained on the ground that they entail direct injury to the wife and of legal necessity the damages belong to her. (*Maloy* case, *supra*.) While this may be specious reasoning because they are also predicated primarily on loss of consortium in its broadest sense, a right arising out of the marriage contract, it is significant that the Court of Appeals must have adopted the distinction in a subsequent decision. The *Bennett* case was decided in 1889 and the *Oppenheim* case in 1923. In 1936 that court affirmed without opinion a dismissal of a complaint in the case of *Landwehr* v. *Barbas* (270 N. Y. 537). The complaint there alleged that as a result of the injuries to the husband, the wife's " comfort and happiness in the society of her said husband and his companionship have been impaired and that '' her husband " is so physically disabled that children cannot be born out of said marriage and that plaintiff is informed and verily believes that said deprivation will necessarily continue for the rest of her husband's life.'' The claim there made is broader and more serious than that alleged in the instant case.

The quotation from the *Maloy* case set forth above properly sets forth the law as it exists in New York today, and until an appellate court indicates a change in the law applicable to this type of action the complaint must be dismissed. Motion granted.