**Walter Edwin GARRETT et ux., Appellants,**

**v.**

**RENO OIL COMPANY et al., Appellees.**

**No. 15547.**

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 24, 1954.

Rehearing Denied Oct. 22, 1954.

Carter, Gallagher, Roberts, Jones & Magee, and Ben T. Warder, Jr., Dallas, for appellants.

Nelson, Montgomery, Robertson & Sellers, and Allan D. Montgomery, Wichita Falls, for appellees.

MASSEY, Chief Justice.

Walter Edwin Garrett was injured within the State of Texas while acting within the scope and course of his employment by the Reno Oil Company, which employer had in force and effect a policy of Workmen's Compensation Insurance. The compensation insurer made a settlement with Garrett on a lump sum basis, based upon an acknowledgment that the employee was totally and permanently disabled. Subsequently, Dorothy Garrett, wife of the injured employee, prosecuted, or had prosecuted for her by her husband, a suit for damages against the employer on account of the "loss of consortium" sustained by her incident to her husband's injuries and disabilities. The defendant employer moved for a summary judgment in the trial court, and summary judgment was entered in its behalf, from which the Garretts have appealed.

Judgment affirmed.

The question actually posed upon this appeal is whether Texas should or should not follow the decision of the United States Court of Appeals, District of Columbia Circuit, in the case of Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R. 2d 1366, certiorari denied, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624. In that case Henry Hitaffer had been an employee who was injured in the scope and course of his employment by an employer coming within the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The compensation insurer had settled the claim for compensation made by the injured employee. Lucia Hitaffer, Henry's wife, subsequently filed a suit sounding in tort against the Argonne Company, Henry's employer, alleging that Henry had sustained his injuries through the employer's negligence, and that such injuries were of such character and severity that in consequence she was deprived of Henry's aid, assistance, and enjoyment, specifically sexual relations. The action was prosecuted to recover her damages because of the loss of such consortium. The employer filed its motion for summary judgment, and the trial court granted the motion and entered judgment for the employer. Lucia appealed, and the Circuit Court held that she was entitled to maintain her complaint in law for the very material and consequential loss sustained by her, and remanded the case to the trial court for a disposition upon the merits.

In the opinion of the court in the Hitaffer v. Argonne Co. case [87 U.S.App.D.C. 57, 183 F.2d 812] it was frankly acknowledged that its decision was a departure from the principles of law theretofore adhered to, in the following language: "Although this is the first time this question has been presented to this court, we are not unaware of the unanimity of authority elsewhere denying the wife recovery under these circumstances. As a matter of fact we have found only one case in which the action was allowed, and that authority has since been effectively overruled. * * *"

 Prior to 1950, the unanimous common-law rule referred to in the quoted language from the Hitaffer opinion was succinctly set forth by the Restatement of the Law of Torts, Volume III, p. 496, sec. 695, as follows:

"Action by Wife for Harm Caused by Tort Against Husband.

"A married woman is not entitled to recover from one who, by his tortious conduct against her husband has become liable to him for illness or other bodily harm, for harm thereby caused to any of her marital interests or for any expense incurred in

providing medical treatment for her husband.

"Comment:

"a. Although a husband is entitled to recover for the loss of his wife's services and society and any expense which he incurs as a result of illness or bodily harm caused to her by the tortious conduct of another, a wife is not entitled to a recovery under similar circumstances. The wife is not, nor has she ever been, entitled to the services of her husband. Moreover, she is not deprived of the support to which she is entitled by any tort committed against him. The husband is still legally bound to provide support for her, and the tortfeasor is liable to the husband for any loss of earning power which he may suffer. This the husband himself may recover, and were his wife permitted to recover for the loss of support, a double recovery would result. The wife has a similar interest in the society and sexual relations with her husband as he has in such relations with her. However, the law has not recognized her right to recover against one who has caused harm to such interests by conduct which is not intended to harm them. One who has negligently injured the husband, or has intentionally caused him harm, by conduct directed toward him personally rather than toward the wife's interest, is not liable to the wife."

Instances in which this rule has been adhered to since 1950, despite the decision in the Hitaffer v. Argonne Co. case, include: Florida: Ripley v. Ewell, Fla.1952, 61 So. 2d 420; New Jersey: Danek v. Hommer, 1952, 9 N.J. 56, 87 A.2d 5; Larocca v. American Chain & Cable Co., 1952, 23 N.J. Super. 195, 92 A.2d 811, and State v. Volpicelli, 12 N.J. 617, 97 A.2d 680; New York: Passalacqua v. Draper, 1951, 279 App.Div. 660, 107 N.Y.S.2d 812; Lurie v. Mammone, New York County, 1951, 200 Misc. 320, 107 N.Y.S.2d 182; Kentucky: La Eace v. Cincinnati, Newport & Covington Ry. Co., Ky.1952, 249 S.W.2d 534; Oklahoma: Nelson v. A. M. Lockett & Co., 1952, 206 Okl. 334, 243 P.2d 719; Wisconsin: Guse v. A. O. Smith Corp., 1952, 260 Wis.

403, 51 N.W.2d 24; Arizona: Jeune v. Del E. Webb Const. Co., 1954, 77 Ariz. 226, 269 P.2d 723; Washington: Ash v. S. S. Mullen, Inc., 1953, 43 Wash.2d 345, 261 P.2d 118; United States: (re injuries in Arkansas) Werthan Bag Corp. v. Agnew, 6 Cir., 1953, 202 F.2d 119.

It is also worthy of note that the Circuit Court of the District of Columbia, which decided the Hitaffer case in 1950, has subsequently pointed out that the case has no application where the law of the state in which the injury occurred does not recognize such a right of action by the wife. O'Neil v. United States, 1951, 92 U.S.App. D.C. 96, 202 F.2d 366. In this case, although the parties lived in the District of Columbia, the injury had occurred in Maryland, which does not recognize such a cause of action by the wife. For this reason the Hitaffer decision was held to have no applicability.

Several of the courts have expressed the opinion in the cases cited that if there should be any change made of the common-law rule that a wife has no right to maintain action for damages for loss of consortium through negligent tort, the change should be made by the legislatures rather than the courts, in view of the fact that the common-law rule is so universal and of such long standing.

But in the opinion of the single appellate court we have been able to find which affirms the principle declared by the District of Columbia Circuit Court in the Hitaffer case, to-wit, Brown v. Georgia-Tennessee Coaches, 1953, 88 Ga.App. 519, 77 S.E.2d 24, 32, we note the following language: "* * * we do indeed have a 'charge to keep,' but that charge is not to perpetuate error or to allow our reasoning or conscience to decay or to turn deaf ears to new light and new life. * * *"

We are in accord with the broad principle of justice motivating the Georgia court in the quoted statement in the case of Brown v. Georgia-Tennessee Coaches, supra, but in view of the fact that a very great number of cases have been disposed of by set-

tlement and litigation within the past few years, wherein the releases or decrees rely upon the common-law rule of such universality and long standing and wherein such releases or decrees wholly ignore any loss of consortium because of which the wife of the injured claimant or plaintiff would be entitled to should we follow the District of Columbia Circuit Court and the Georgia Court of Appeals, we believe that Texas should follow the majority rule until such time as legislation might effect a change. Should that change be effected by our Legislature, we have no doubt but what those individuals who have within the applicable limitation period delivered to injured husbands money or other consideration in settlement of liability arising from negligent torts (in the good faith belief that all existing claims of a married man or any member of his family were purchased or paid for and fully and finally settled and satisfied) will be taken into consideration and not exposed to a further uncontemplated claim or suit for the wife's loss of consortium. Failure to do so would be somewhat synonymous to an enactment of an ex post facto statute.

■ Furthermore, in a case where a husband's claim for compensation under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., is being prosecuted or after it has been by agreement settled or disposed of by suit with the approval of the Industrial Accident Board of Texas or a district court, we believe that where the injury occurred in Texas there could be no suit in tort against the employer for loss of consortium, even should we be in error in following the majority and common-law rule applicable to ordinary cases of negligent tort.

From all the provisions of the Act, we are of the opinion that the Legislature intended by its original enactment of the same and all of its amendments that when an employer secured Workmen's Compensation Insurance upon its employees such employer was relieved of all contingent liability from the claim or suit of any person because of damages growing out of injuries to his employees which were sustained under circumstances which made the insurer liable for compensation,—with the sole exception thereto his contingent liability for exemplary damages in the event of the demise of any of his employees through his wilful act or omission or gross negligence. We feel certain that the Legislature accomplished its purpose and intent in so far as might be considered an action for loss of consortium advanced in behalf of the wife of such an employee injured in Texas.

■ It must be remembered that the community property system obtains in Texas and the right to recover damages for personal injuries to either a husband or a wife is a property right. Where the tort giving rise to the cause of action occurs in this state, any damages recovered because of such injuries belongs to the community estate of both rather than to the separate estate of either. W. W. Clyde & Co. v. Dyess, 10 Cir., 1942, 126 F.2d 719, certiorari denied, 317 U.S. 638, 63 S.Ct. 29, 87 L.Ed. 514; Ezell v. Dodson, 1883, 60 Tex. 331; Texas Central Ry. Co. v. Burnett, 1884, 61 Tex. 638; Bostick v. Texas & P. Ry. Co., Tex.Civ.App. Texarkana, 1935, 81 S.W.2d 216, error dismissed. See also 21 Texas Dig., Husband and Wife, ☞ 270(5), p. 327.

■ The exceptions to such rule, wherein the damages recoverable by the wife would be her separate property, are only those instances where some statute creates the right of action for her especial benefit or where her husband would not be permitted to benefit from his own wrong as where he joined the defendant in the perpetration of a tort upon his wife, or where there is a direct invasion of the wife's rights as in alienation of affection suits. 23 Tex.Jur., p. 84, sec. 59; Nickerson and Matson v. Nickerson, 1886, 65 Tex. 281; Wright v. Tipton, 1898, 92 Tex. 168, 46 S.W. 629; Smith v. Smith, Tex.Civ.App. Amarillo, 1949, 225 S.W.2d 1001.

So, in the present instance, if Mrs. Garrett should be permitted to collect damages

from her husband's employer, the community estate would benefit thereby just as the community estate was benefited by her husband's collection of compensation under the Texas Workmen's Compensation Act. Since there exists no exception to the general rule, such damages would not belong to Mrs. Garrett's separate estate but would be community property. Pickens v. Pickens, 1935, 125 Tex. 410, 83 S.W.2d 951.

For the same reasons that the contributory negligence on the part of the husband was imputed to the wife in the case of Bostick v. Texas & P. Ry. Co., supra, a wife's contributory negligence would ordinarily be imputable to her husband in instances where the husband is injured from negligent tort. In either instance, the chose in action for such injuries belongs to the community estate which should not be permitted to profit under the circumstances. The same thing would be true should the wife's contributory negligence play a part in injuries sustained by her husband in the course of his employment through the negligence of his employer. If we had no Workmen's Compensation Act the community estate could not profit and therefore the injured employee could not collect damages. But because the Texas statute was enacted the community estate does profit from the compensation, which is payable because of the injury and disability of the husband regardless of whether his wife's negligence contributed to cause it. And should the husband die from his injury, the wife's contributory negligence would be no bar to her right to the death benefits provided by the Act.

In the instant case, there was no such circumstance but this reasoning demonstrates that the benefits incident to the Texas statute enure to the wives of employees coming within its provisions just as they enure to the employees themselves. The benefits actually enure to the community estate of both rather than to the separate estate of either. And by necessary implication the Act must be held to have excluded any right of tort action against the employer by the wife of an injured employee where her loss and damage were incident to the very injury because of which the compensation is payable. Under these circumstances, the husband and wife might be considered as one and singular just as their community estate is singular in character. As between them and the husband's employer, they jointly yielded up those common-law rights and privileges that the husband yielded up or waived as an employee when the employer subscribed to Workmen's Compensation Insurance. By the provision of art. 8306, sec. 3a, T.R.C.S. 1925, the husband yielded up his contingent common-law right of action for tortious injuries as against his employer by his failure to elect to retain such right. When he did so, his wife likewise yielded up those similar rights which she otherwise might (for the purpose of this reasoning) be said to have, contingent upon the occurrence of those same injuries.

Our opinion and holdings as above expressed obviate any discussion of the technical aspects relating to the proper manner by which such a suit should be brought in the courts of this state. No such suit may be maintained in any event.

Judgment is affirmed.