**Ann P. MILLER, Appellant,**

v.

**David Andrew WHITTLESEY, Appellee.**

**No. 1084.**

Court of Civil Appeals of Texas, Tyler.

Feb. 16, 1978.

Rehearing Denied March 23, 1978.

Ronald L. Wilkinson, Johannes, Robertson & Wilkinson, Dallas, for appellant.

Lancaster Smith, Harvey L. Davis, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a final order granting defendant's motion for summary judgment. Ann P. Miller (plaintiff) sued David Whittlesey (defendant) for damages, alleging that defendant's negligent acts or omissions had been the proximate cause of personal injuries to plaintiff's husband, Stewart R. Miller, thereby depriving the plaintiff of her husband's consortium. The injuries to Mr. Miller were received in an automobile accident involving himself and the defendant.

The controlling issue of law as set out in defendant's motion for summary judgment is stated as follows:

"Can a Texas wife recover damages for loss of consortium for the alleged negligent injury to her husband?"

The trial court gave a negative answer to the question and rendered judgment as a matter of law for the defendant.

We reverse and remand the summary judgment.

Black's Law Dictionary defines consortium as "conjugal fellowship of husband and wife, and the right of each to the company, co-operation, affection, and aid of the other in every conjugal relation." Consortium has been defined in Texas as ". . . the right to the affection, society, comfort and assistance of the spouse." *Whitley v. Whitley*, 436 S.W.2d 607, 609 (Tex.Civ.App.—Houston 1968, n. w. h.); see also *Smith v. Smith*, 225 S.W.2d 1001, 1006 (Tex.Civ.App.—Amarillo 1949, n. w. h.). The common law has long recognized that a husband has a cause of action for damages for loss of consortium due to the negligent injury of his wife by a third party. 21 A.L.R. 1519; 41 C.J.S. Husband and Wife § 401c(3), pp. 890, 897; Rickman, *The Negligent Impairment of Consortium—A Time For Recognition As A Cause Of Action In Texas*, 7 St. Mary's L.J. 864, 865 (1976); Restatement of the Law of Torts 2d sec. 693 at p. 496. A wife had no such cause of action at common law.

Tex.Rev.Civ.Stat.Ann. art. 1, states as follows:

"The common law of England, so far as it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or appealed by the Legislature." See also Texas Constitution, Article 16, sec. 48.

The Texas Supreme Court has held that we are bound to follow the common law as it was adopted in Article 1. *Felsenthal v. McMillian*, 493 S.W.2d 729 (Tex.1973). Since the common law recognizes this cause of action brought by the husband, and our legislature has not changed this law, this has been and is still the law in Texas.

The appellee relies upon the case of *Garrett v. Reno Oil Co.*, 271 S.W.2d 764 (Tex. Civ.App.—Fort Worth 1954, writ ref'd n. r.

**906**

e.). In that case, a wife was denied recovery for damages for the loss of consortium she suffered when her husband was negligently injured by his employer. We feel this case was correctly decided since the opinion was delivered in 1954, prior to the passage of the Texas Equal Rights Amendment. Tex.Const. art. I, sec. 3a. The appellee asserts that *Garrett* also stands for the proposition that a husband has no cause of action in Texas for the negligent impairment of his consortium. We do not find any such statements in *Garrett*. Even if such statements could be found in the opinion (which they are not), they would be dicta and not necessary to a holding on the facts of the case.

We have found no Texas cases stating whether or not a husband has a cause of action for negligent injury to his spouse resulting in a loss of consortium. See McKnight, *Matrimonial Property,* 26 Sw. L.J. 31, 49; Simpkins, Texas Family Law, sec. 8:3; Rickman, supra, at page 865. We are bound to follow the common law until such time as the legislature sees fit to change it. It is not within the authority of this court to gauge the wisdom of such a cause of action. We must follow the law as it exists.

█ The law as it exists at the present time allows a husband a cause of action for the negligent injury to his wife resulting in a loss of consortium. In 1972, Article 1, sec. 3a of the Texas Constitution was adopted and has become known as the Texas Equal Rights Amendment. This amendment to our Constitution has modified the common law to such an extent that it would be improper to deny a cause of action based upon the sex of the party bringing the action. Since the husband was allowed a cause of action at common law based on the legal question presented to us, we hold that in Texas a wife presently possesses such a cause of action for the negligent impairment of consortium.

The judgment of the trial court is reversed and the cause is remanded.