Argued September 18, affirmed October 10, 1916.

# KOSCIOLEK v. PORTLAND RY., L. & P. CO.*

(160 Pac. 132.)

**Death — Husband and Wife — Loss of Consortium — Wife's Right of Action.**

1. At common law, the husband could maintain an action for injury to or death of his wife, whereby he lost her services or consortium; but the wife herself could not maintain a corresponding action to recover for the loss of services and consortium due from the husband to her.

**Death—Husband and Wife—Statutes.**

2. Section 7050, L. O. L., which repeals all laws imposing or recognizing civil disabilities upon a wife which are not imposed or recognized as existing against the husband, does not confer on a wife any new right of action, but merely allows her to act independently of her husband for the redress in the courts for the infringement of rights which she already had.

**Choses in Action—Common Law—Statutes.**

3. Choses in action exist only by virtue of the common law or statute; thus, a claim for the loss of the society or assistance of a husband cannot be enforced by either a wife or widow, unless created by statute.

**Civil Rights—Natural Rights—Husband and Wife.**

4. The natural rights of a person at common law are those of personal security in the legal enjoyment of life, limb, body, health and reputation, the right of personal liberty, and the right of private property, and do not include rights growing out of the marriage relation, as, for instance, consortium, since those are based on social customs.

**Husband and Wife—Actionable Interference With Marital Rights.**

5. Marital rights are invaded, giving rise to a right of action in husband or wife, whenever a third person, through machination, enticement, seduction or other wrongful, intentional or malicious interference with the marital relation deprives the husband or wife of the consortium of the other; but a negligent wrong to the husband does not furnish a cause of action in favor of the other spouse unless by special legislative action.

**Death—Death of Husband—Wife's Right of Action.**

6. Where a husband suffered personal injuries through the negligence of another, sued therefor and compromised, his widow, after his death, had no right of action for the consequential injury to her through loss of consortium and support; there being no statute giving the widow such a right of action.

---

*As to right of husband or wife at common law to recover for loss of services or consortium, against a person negligently causing the death of the other, see notes in 19 L. R. A. (N. S.) 633; 24 L. R. A. (N. S.) 1042; 33 L. R. A. (N. S.) 1042.   REPORTER.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

The plaintiff, Katherine Kosciolek, widow of John Kosciolek, complains that the defendant, Portland Railway, Light & Power Company, negligently ran one of its street-cars against a wagon being driven on the street into Portland by her husband, whereby without his fault he was injured so that he died about 13 months later.    She says that:

"By reason of the matters and things herein alleged this plaintiff has been, now is, and will hereafter be deprived of the comfort, society, love, affection, association, companionship and support of the said John Kosciolek; that prior to said injuries the said John Kosciolek was a kind, affectionate and devoted husband and father, but after receiving such injuries he became nervous, cross, irritable, sick and childish and was so up to the time of his death; that such condition arose shortly after his injury, and was of a permanent and progressive character, and existed at the time of his death"; and "that by reason of the matters and things herein set forth, this plaintiff has been injured to her damage in the sum of $20,000."

The defendant denied everything in the complaint except its own corporate existence and that it was operating a street-car system in Portland.    It charges that the decedent was guilty of contributory negligence, in that he drove his team upon the track directly in front of the defendant's car so suddenly that it was impossible to avoid a collision.    Another defense was that the decedent himself during his lifetime sued this defendant for damages for the same injuries growing out of the identical accident described in plaintiff's complaint, and that after issue joined and the action was ready for trial, this defendant, as a compromise thereof, paid to the said John Kosciolek, in full satis-

faction of all claims and demands on account of said accident, the sum of $850, in consideration of which Kosciolek executed and delivered to defendant a release on behalf of himself, his heirs, executors. and administrators, forever discharging the defendant, its successors, and assigns from all liability by reason of the injury and from all claims or causes of action on account thereof. The first defense is traversed by the reply. As to the release the reply admits the institution of the action between the plaintiff's husband and the defendant and the execution of the acquittance. It is not denied that the defendant paid to Kosciolek the sum of money mentioned in the answer as a compromise of the action. In brief the contention of the reply is that the injuries mentioned in the release were not those of which the plaintiff here complains. It was also urged in the reply that the effect of the release was an admission on the part of the defendant of its liability for all injuries growing out of the negligence of the defendant in the instance de-scribed. A jury trial resulted in a verdict for the defendant, and the plaintiff appealed.     Affirmed.

For appellant there was an oral argument by *Mr. Isham N. Smith,* with a brief over the names of *Messrs. Littlefield & Smith* to this effect:

1. The plaintiff requested an instruction that the effect of the payment to deceased in settlement of his pending action was an admission by the defendant of negligence, and settled the element of liability, which was refused. This was error: *Weiss* v. *Kohlhagen,* 58 Or. 144, 153 (113 Pac. 46); *City of Newport News* v. *Porter,* 122 Fed. 321; *Grimes* v. *Keene,* 52 N. H. 330; *Chicago, R. I. & P. R. Co.* v. *Rhodes,* 21 Colo. App. 229 (121 Pac. 769); *G. H. & S. A. Ry. Co.* v. *Hert-*

*zig,* 3 Tex. Civ. App. 296 (22 S. W. 1013); *T. & N. O. R. Co.* v. *C. W. A. Co.,* 137 S. W. 401; *Benson* v. *Hall,* 83 N. E. 1036; *Watson* v. *Bigelow,* 58 Atl. 741.

The accord and satisfaction having been completed between John Kosciolek and the company, neither he nor it could reopen or relitigate any of the matters thereby settled: *Hurrle Gas Co.* v. *Hooker Co.,* 120 Ill. App. 433; *Hemingway* v. *Stansell,* 106 U. S. 339; 1 Corpus Juris, 354, par. 2.

2. The settlement with Kosciolek was not a bar to this action by his widow: *Clark* v. *Dinsmore,* 5 N. H. 136; *Tate* v. *Wabash Ry. Co.,* 141 S. W. 459; *Spokane & I. Ry. Co.* v. *Whitley,* 237 U. S. 487; *Mageau* v. *Great Northern Ry. Co.* (Minn.), 115 N. W. 651 (15 L. R. A. (N. S.) 511).

3. The injuries to John Kosciolek did personal injury to him and also did damage to the relation between him and his wife, for which she can sue. In Oregon, married women are liberated from all disabilities of the common law, and enjoy all civil rights equally with men: Section 7050, L. O. L. Under this section a married woman in Oregon can maintain an action for alienating her husband's affections: *Keen* v. *Keen,* 49 Or. 362 (90 Pac. 147, 10 L. R. A. (N. S.) 504); *McCann* v. *Burns,* 73 Or. 167 (143 Pac. 1099).

4. Modern authorities are to the effect that either spouse may sue for an invasion of the marital relationship resulting in alienation of affection or loss of consortium. The elements involved are, affection, society, mutual obligations for support, conjugal relation, with advice and assistance in rearing the family. Accordingly, it is now the recognized law that either spouse may maintain an action for damages to the marital relation: *Williamson* v. *Osenton,* 34 Sup. Ct. Rep. 442, alienation of affection; *Flandemeyer* v.

*Cooper,* 85 Ohio St. 327 (98 N. E. 102, Ann. Cas. 1913A, 983, 40 L. R. A. (N. S.) 360, 364), sale of drugs rendering husband insane; *Holleman* v. *Harvard,* 119 N. C. 150 (56 Am. St. Rep. 672), selling drugs to wife, incapacitating her; *Kelley* v. *New York, N. H. & H. R. Co.,* 168 Mass. 308 (46 N. E. 1063, 60 Am. St. Rep. 397, 38 L. R. A. 631); *Stonka* v. *Kreitle,* 92 N. W. 1042, sale of intoxicating liquors; *Tatro* v. *Railway Co.,* 141 S. W. 459; *O'Gorman* v. *Pfeiffer,* 130 N. Y. 577.

5. A culpable injury to either spouse gives rise to a cause of action not only to the injured person directly, but as well to the other spouse for the injury to the consortium: *Mageau* v. *Great Northern Ry. Co.,* 115 N. W. 651 (15 L. R. A. (N. S.) 511); *Kimberly* v. *Howland,* 143 N. C. 396 (7 L. R. A. (N. S.) 545); *Ladaire* v. *Minneapolis & St. L. Ry. Co.,* 130 N. W. 8; *Omaha & M. Ry. Co.* v. *Cosby,* 7 N. E. 378.

For respondent there was a brief over the names of *Messrs. Griffith, Leiter & Allen* and *Mr. Frank J. Lonergan,* with an oral argument by *Mr. Lonergan.*

Mr. Justice Burnett delivered the opinion of the court.

1. Many questions are suggested in the plaintiff's brief which are unnecessary to consider. The whole question hinges upon the determination of whether or not a widow can maintain an action for loss of consortium incident to the marriage relation between herself and her deceased husband. It may be set down that at common law, while the husband could maintain an action for an injury to or death of the wife whereby he lost her services and consortium, yet the wife herself could not maintain a corresponding action to recover

for the loss of services and consortium due from the husband to herself.

2. The position of the plaintiff, however, is that since the enactment of Section 7050, L. O. L., a wife has rights and remedies equivalent in all respects to those with which the husband is endowed. That statute reads thus:

"All laws which impose or recognize civil disabilities upon a wife which are not imposed or recognized as existing as to the husband are hereby repealed; provided, that this act shall not confer the right to vote or hold office upon the wife, except as is otherwise provided by law; and for any unjust usurpation of her property or natural rights she shall have the same right to appeal in her own name alone to the courts of law or equity for redress that the husband has."

This section does not confer upon the wife any new right of action. It only allows her admission to the courts as a suitor independent of her husband for the purpose of redressing the infringement of rights which she already had.

3. It is only by virtue of statutes that anyone has a chose in action not known to common law. If our legislation gave the widow a right to recover for the death of her husband, or a wife to recover for injury to her spouse, she would be a competent suitor under this section to institute an action for damages for the violation of her statutory right, but no enactment exists giving her that privilege.

4. The natural rights of a person at common law are the right of personal security in the legal enjoyment of life, limb, body, health and reputation, the right of personal liberty, and the right of private property: 1 Bl. Com. 129. It is said in Black's Law Dictionary, page 1038:

"Natural rights are those which grow out of the nature of man and depend upon personality as distinguished from such as are created by law and depend upon civilized society, or they are those which are plainly assured by natural law."

These words of the statute refer to those privileges which a feme sole possesses in common with any other individual, and the only effect of the enactment is to allow a married woman to litigate in her own name independent of her husband when these rights have been violated. It cannot be said that the marriage relation gives rise to natural rights in the sense designated by the common-law writers, for that relation grows out of the customs of society, and is more or less conventional.

5. The authorities cited by the plaintiff are instances either where the husband is suing for an injury to his wife, thus enforcing his common-law right, or where there is a direct attack upon the marriage relation itself, as for the alienation of the husband's affection and the like. The latter cases depend upon the fact that there is a direct and intentional interference with the marriage relation. As said in *Flandermeyer* v. *Cooper,* 85 Ohio St. 327 (98 N. E. 102, Ann. Cas. 1913A, 983, 40 L. R. A. (N. S.) 360, 364):

"This right is invaded whenever a third person through machination, enticement, seduction or other wrongful, intentional, and malicious interference with the marriage relation deprives the husband or wife of the consortium of the other."

There the attack upon the marriage relation is direct, with purpose and malice. The harm to the wife is immediate and not merely consequential or secondary, and the law visits punitive damages in her favor upon the wrongdoer. A negligent injury to the husband, however, affects the wife or widow only indi-

rectly or collaterally, calling for mere compensatory damages which the husband while living, or his personal representatives after his death, may collect, thus settling the grievance once for all. This distinction runs throughout the authorities, and is ground for holding that a mere negligent wrong to the husband does not furnish cause of action to a woman in her character either as wife or widow. The injury to her in such conditions is not the direct, natural, and necessary consequence of the carelessness of the defendant. For what he suffered during his life the husband had an action directly against the defendant.

6. It is through her spouse that the plaintiff claims in the present instance; but, while he had control of the situation, he released his cause of action, and, the source of her claim thus having been taken away, she has no standing to demand more. After the death of an individual by the wrongful act of another, the statute gives a cause of action to his personal representatives under Section 380, L. O. L. Many persons, such as minor children and dependent relatives, besides the wife, might be more or less indirectly affected by injury rendering the husband or father less capable to continue his duty of support. The wife stands in no better plight than any of the others mentioned. Section 380 affords relief to her in common with the others, and it would be unreasonable to hold that the defendant, after fairly compensating the injured man for the negligent wrong inflicted upon him, should be compelled to search out all others of his relatives and litigate or settle with them.

It is unnecessary to decide whether the husband could bring such an action as this or not where his wife was injured or slain. It is sufficient to say that there is no statute so equipping the wife or widow.

The complaint did not state a cause of action against the defendant. Much instruction on this subject may be derived from the perusal of the following cases: *Feneff* v. *New York Cent. & H. R. Ry. Co.*, 203 Mass. 278 (89 N. E. 436, 133 Am. St. Rep. 291, 24 L. R. A. (N. S.) 1024); *Brown* v. *Kistelman*, 177 Ind. 692 (98 N. E. 631, 40 L. R. A. (N. S.) 236); *Goldman* v. *Cohen*, 30 Misc. Rep. 336 (63 N. Y. Supp. 459); *Stout* v. *Kansas City Terminal Ry. Co.*, 172 Mo. App. 113 (157 S. W. 1019); *Gambino* v. *Manufacturers' Coal & Coke Co.*, 175 Mo. App. 653 (158 S. W. 77); *Patelski* v. *Snyder*, 179 Ill. App. 24; *Marri* v. *Stanford St. Ry. Co.*, 84 Conn. 9 (78 Atl. 582, Ann. Cas. 1912B, 1120, 33 L. R. A. (N. S.) 1042).

The judgment is affirmed.     AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.