Argued December 19, 1956, affirmed February 6, 1957

ELLIS v. FALLERT ET AL

307 P. 2d 283

*George M. Roberts,* Medford, argued the cause for appellant. On the brief were Roberts, Kellington & Branchfield, of Medford.

*Ray H. Lafky,* Assistant Attorney General for Oregon, of Salem, argued the cause for respondent. On the brief was Robert Y. Thornton, Attorney General for Oregon.

Before Tooze*, Acting Chief Justice, and Rossman, Lusk, Brand, Perry and McAllister, Justices.

BRAND, J.

The plaintiff, Marianne Ellis, brings this action for damages against the defendants, alleging that they negligently injured her husband. She claims the right to recover because of the loss of consortium. The Attorney General of the State of Oregon, on the request of the State Industrial Accident Commission, filed an answer setting up the fact that the plaintiff's husband was an employee of the defendants, that defendants were engaged in a hazardous occupation, and that the defendants and the plaintiff's husband were all subject to the provisions of the Workmen's Compensation Law at the time of the injury. Motions were made to strike the answer and in the alternative to strike portions thereof. The motions were denied. Plaintiff filed a reply. The parties filed a stipulation of fact and the trial court entered judgment for the defendants. Plaintiff appeals.

We deem it unnecessary further to discuss the state of the pleadings or to separately consider the

---

* Died December 21, 1956.

numerous assignments of error. The agreed facts are
that the plaintiff's husband and the defendants, as
employers, were under the Workmen's Compensation
Law, that plaintiff's husband was entitled to compensa-
tion under that law, that he applied for compensation,
and that the State Industrial Accident Commission

> "made and entered an order allowing the claim of
> plaintiff's husband and at all times since said Com-
> mission has been paying the maximum compensa-
> tion provided by law for temporary total disability
> to an injured workman with a wife and one child,
> the Commission in this instance allowing the statu-
> tory additional compensation to plaintiff's hus-
> band on account of plaintiff, as his wife, and their
> child Bellita Rose Ellis, a minor child eight years
> of age."

For the purposes of this case we shall assume that
if plaintiff's husband was not under the Workmen's
Compensation Law, as stipulated, she would have a
cause of action against the defendants for the negligent
injury to her husband, resulting in loss of consortium,
and that such right would be accorded to her under
the provisions of ORS 108.010, which reads as follows:

> "All laws which impose or recognize civil dis-
> abilities upon a wife which are not imposed or
> recognized as existing as to the husband hereby are
> repealed; and all civil rights belonging to the hus-
> band not conferred upon the wife prior to June 14,
> 1941, or which she does not have at common law,
> hereby are conferred upon her, including, among
> other things, the right of action for loss of con-
> sortium of her husband."

See *Smith v. Smith*, 205 Or 286, 287 P2d 572.

The issue is stated in the plaintiff's brief, as fol-
lows:

> "* * * There remains for determination by
> this court the question as to whether a wife is

entitled to recover for loss of consortium when her husband is negligently injured in the course and scope of his employment, while covered by the provisions of the Workmen's Compensation Law. There is a subsidiary question which we think is helpful in determining the principal question and which has almost the same amount of importance. That is, can the Attorney General appear and defend an employer at the request of the State Industrial Accident Commission, when the employer is sued for loss of consortium?"

In his argument before this court counsel for plaintiff affirmatively stated that there is only one question in the case, namely, whether under ORS 108.010, supra, a wife may sue for loss of consortium when the husband is an employee of an employer who is subject to the Workmen's Compensation Law. Counsel also said:

"So that if you determine that point in our favor there isn't any use going into the second proposition which we urge that in this action the Attorney General has no right to appear because if you say we're wrong in the first instance, we're necessarily wrong in the second but if you say that we are right in the first instance, why then of course the matter becomes moot because the Attorney General can't appear under those circumstances and we will try to try the case out in Curry County."

We agree with this analysis and will proceed to consider whether plaintiff had a right to sue her husband's employer for loss of consortium under the conditions existing in this case.

We must first determine the nature and extent of the rights granted to the plaintiff by ORS 108.010 supra. Prior to its amendment by the Laws of 1941, ch 228, the statute provided, in part:

"All laws which impose or recognize civil disabilities upon a wife which are not imposed or rec-

ognized as eixsting as to the husband are hereby repealed; * * *." OCLA, § 63-202.

Concerning that law, this court said:

"This section does not confer upon the wife any new right of action. It only allows her admission to the courts as a suitor independent of her husband for the purpose of redressing the infringement of rights which she already had.

\* \* \* \* \*

"* * * It cannot be said that the marriage relation gives rise to natural rights in the sense designated by the common-law writers, for that relation grows out of the customs of society, and is more or less conventional." *Kosciolek v. Portland Ry., L.&P. Co.*, 81 Or 517, 160 P 132.

ORS 108.010 which grants to a wife the right to sue for loss of consortium was considered in *Smith v. Smith,* supra, where we said:

"* * * The provision granting to the wife the substantive right to sue for loss of consortium illustrates the purpose of the lawmakers to place her on a par with her husband. Kosciolek v. Portland Railway, L.&P. Co., 81 Or 517, 160 P 132; Sheard v. Oregon Electric Ry., 137 Or 341, 2 P2d 916. The statute as it was before the 1941 amendment was held by this court to have conferred no new right of action upon a wife. 'It only allows her admission to the courts as a suitor independent of her husband for the purpose of redressing the infringement of rights which she already had.'

\* \* \* \* \*

"Returning to the 1941 amendment, we think the legislative intent was carefully expressed to vest in the wife such civil rights *belonging to the husband* which have not heretofore been granted her by statute or the common law, * * *."

■ Having found that the right of a wife to sue for loss of consortium is measured by the right which a husband has to sue for loss of consortium when his wife is wrongfully injured, our next duty is to determine whether a husband would have the right to sue a negligent third party for loss of consortium if his wife was an injured employee entitled to benefits under the Workmen's Compensation Law. The statute provides:

"(1) Every workman subject to ORS 656.002 to 656.590 while employed by an employer subject to ORS 656.002 to 656.590 who, while so employed, sustains personal injury, * * * by accident arising out of and in the course of his employment and resulting in his disability, or the beneficiaries of such workman, if the injury results in death, are entitled to receive from the Industrial Accident Fund the sums specified in ORS 656.002 to 656.590. * * *

"(2) The right to receive such sums is in lieu of all claims against his employer on account of such injury or death, except as otherwise specifically provided in ORS 656.002 to 656.590." ORS 656.152.

■ In *Bigby v. Pelican Bay Lumber Co.*, 173 Or 682, 147 P2d 199, the plaintiff sought to recover damages for the death of her son which resulted from injuries suffered by him while employed by the defendant, due to its negligence in failing to comply with the provisions of the Employer's Liability Act, and this court considered the question of "whether or not an employer who is subject to the Workmen's Compensation Act * * * and has fully complied with its provisions, is relieved from all personal liability on account of the death or injury of an employee subject to the act, arising out of and in the course of the latter's employment." Plaintiff's contention was that no one

is precluded from maintaining an action against such an employer except the injured workman, or, in case of his death, his beneficiaries specified in the act, a point also urged by the plaintiff at bar. This court stated, at pages 690, 692:

> "The act does not say that the right to receive compensation from the fund shall be in lieu of all the claims of those entitled to compensation, but 'in lieu of all claims'.
>
> \*  \*  \*  \*  \*
>
> "The purpose in adopting the Oregon Compensation Law was to protect the employer as well as the employee and his beneficiaries, and to avoid the expense and delay incident to litigation:  \*  \*  \* In our opinion, an employer who is subject to the provisions of the workmen's compensation act and has fully complied with them is not personally liable to a workman who is injured in the course of his employment or, in case of his death, to the beneficiaries named in that act, or to the beneficiaries mentioned in the employers' liability act, or to any one else. The rights and remedies provided by the workmen's compensation act are exclusive."

■ The reasoning of the Bigby case leads to the conclusion that a husband does not have a right to sue for the loss of consortium of his wife when she is an injured employee covered by the act, and therefore to the further conclusion that the wife cannot sue for loss of consortium in the pending case.

*Hartman v. Cold Spring Granite Company*, 247 Minn 515, 77 NW 2d 651, comes very close to the law and the facts in the case at bar. Hartman was an injured workman receiving compensation from the Industrial Accident Commission. His wife sued the defendant company for loss of consortium. The Minnesota statute imposed upon the employer the duty to

compensate the injured workman "according to the schedules of the Workmen's Compensation Act." It then provided:

"The liability of an employer prescribed by sections 176.02 and 176.03 shall be exclusive and in the place of any other liability to such employee, his personal representative, surviving spouse, parent, child or children, dependents or next of kin, or any other person entitled to recover damages at common law or otherwise on account of such injury or death, * * *."

It was held that " 'When the Compensation Act applies, as it does here, it is exclusive of all other remedies.' "

In the following cases it has been held that a spouse cannot recover for loss of consortium when his or her husband or wife suffers an injury which is compensable under the Workmen's Compensation Act. *Guse v. A. O. Smith Corp.*, 260 Wis 403, 51 NW2d 24; *Stainbrook v. Johnson County Farm Bureau Co-op Ass'n*, 125 Ind App 487, 122 NE2d 884; *Bevis v. Armco Steel Corp.*, 156 Ohio St 293, 102 NE2d 444; *Napier v. Martin*, 194 Tenn 105, 250 SW2d 35; *Garrett v. Reno Oil Co.*, Tex Civ App (1954), 271 SW2d 764; *Ash v. S.S. Mullen, Inc.*, 43 Wash 2d 345, 261 P2d 118; *Josewski v. Midland Constructors Inc.*, 117 F Supp 681.

Although, in the cases cited, the relevant statutory provisions differ from the wording of ORS 656.152(2), they do not differ in substance from the Oregon statute as construed in *Bigby v. Pelican Bay Lumber Co.*, supra. We adhere to that decision.

The Oregon Workmen's Compensation Act offers compensation to workmen who are within its purview for negligent and for non-negligent injuries and pro-

vides that such compensation is "in lieu *of all claims* against his employer" except as provided, and in the Bigby case we said that an employer who complies with the act is not liable "to a workman * * * or to any one else." In other words, the remedy under the act is exclusive. The cases cited from other jurisdictions are based on statutes which in one form or another also provide that the remedy under the act is exclusive. A review of many decisions clearly demonstrates that the legislative intent was to make the statutory remedy exclusive.

The plaintiff relies upon *Cooney v. Mommaw,* 109 F Supp 448, and *Brown v. Georgia Tennessee Coaches, Inc.,* 88 Ga App 519, 77 SE2d 24. In neither case was a Workmen's Compensation Act involved. Those decisions go no further than ORS 108.010 which confers the right of action for loss of consortium upon a wife living with her husband. They are not in point.

Plaintiff strongly relies upon *Hitaffer v. Argonne Co.,* 183 F2d 811. That case was decided by the United States Court of Appeals for the District of Columbia. The greater portion of the opinion is directed to the establishment of a right of action by a wife for loss of consortium, a matter which is established in this state by statute. The Federal Court then considered the effect upon that right of the Longshoremen and Harbor Workers' Compensation Act "which provides exclusive liability for employers." That act was in part, as follows:

"'The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such

employer at law or in admiralty on account of such injury or death * * *.' '' 33 USCA, sec 905.

Concerning this provision the court said:

> "We would be less than candid if we did not admit that the plain and literal language of this section of the Act has such broad implications that it could be conceived to vitiate any right of action flowing from the compensable injury; * * *.''

Nevertheless the court went on to hold that the wife could sue in her own right for loss of consortium even though her husband had received compensation under the act. In this respect the case is contrary to our holding in *Bigby v. Pelican Bay Lumber Co.,* supra.

The Hitaffer case is distinguishable from the case at bar in the following respect: Under the federal act no distinction is made as between the amount of compensation payable to married and unmarried male claimants. The court argued that where the husband has failed to recover for his inability to support his wife, and where impairment of his ability so to do was a compensable element of damage, the right to sue therefor belonged to the wife.

Under the Oregon statute an unmarried man who has suffered temporary total disability receives compensation equal to 50 per cent of wages but not more than $115 per month. If such a workman has a wife and child under 18 years of age he receives 66-2/3 per cent of wages but not more than $165 per month. ORS 656.210. In the case at bar the court found that the plaintiff's husband was entitled to and was receiving the maximum compensation provided by law for temporary total disability of a workman having wife and infant child. Thus it is apparent that the intent of the Oregon legislature was to take into consideration the

welfare of wife and child as well as that of the injured workman in awarding compensation.

█ A comment by the Supreme Court of Washington is pertinent at this point:

"Our Workmen's Compensation Act provides that the monthly payments for permanent total disability, Laws of 1951, chapter 115, § 2, p. 284, RCW 51.32.060, and for temporary total disability, Laws of 1951, chapter 115, § 3, p. 285, RCW 51.32.090, shall vary in accordance with the workman's marital status and the number of children; and death benefits are also provided for the widow and children, Laws of 1951, chapter 115, § 1, p 282, RCW 51.32.050. It could hardly be made more explicit that, in providing sure and certain relief for injured workmen and their families irrespective of fault, the statute also abolishes all civil causes of action for the injuries sustained, except as therein specifically provided." *Ash v. S.S. Mullen, Inc.,* supra, Wash, 261 P2d 118.

The Hitaffer case has not received the approval of the state courts. The Supreme Court of Ohio said:

"We do not believe that the authorities, relied upon in the opinion in the Hitaffer case, sustain the strained conclusion reached by the court in that case on the question, which is similar to the question involved in the instant case. * * *" *Bevis v. Armco Steel Corp.,* supra, 156 Ohio St 295, 102 NE2d 444, 449.

From the Supreme Court of Minnesota comes the following comment:

"On the question of whether Workmen's Compensation Acts, of the same nature as our act, bar the right of a spouse to sue for loss of consortium of an injured spouse, no appellate court has been willing to follow the decision in Hitaffer v. Argonne Co., Inc., supra, as far as we have been able to find.

Many courts, both before and after that decision, have held the opposite way. * * *'' *Hartman v. Cold Spring Granite Company* supra 274 Minn 515, 77 NW2d 651, 653.

In *Brown v. Curtin & Johnson, Inc.*, 221 F2d 106, the United States Court of Appeals for the District of Columbia refused to extend the doctrine of Hitaffer to cases of fatal injury, and said:

> "Appellee suggests that we consider whether Hitaffer was erroneously decided, insofar as it declined—on the facts there presented—to give effect to the exclusive liability provisions of the Compensation Act. Powerful arguments are advanced on the point, some of a nature not put before us when Hitaffer was argued. It will be time enough for us to consider them, however, when a case reaches us in which resolution of the point is necessary to a decision."

Other cases rejecting the Hitaffer decision are: *Josewski v. Midland Constructors, Inc.; Garrett v. Reno Oil Co.,* both supra; and see, 36 Cornell Quarterly, pp 148 to 156; 2 Larson's Workmen's Compensation Law 144, § 66.20.

The parties have stipulated that the court may try the defense raised by the answer of the Attorney General. Under the stipulation we deem it unnecessary to pass upon the right of the Attorney General to file the answer in this case or to determine whether the plaintiff is a "beneficiary" as that term is used in ORS 656.582(1) or in ORS 656.002(1). But see, ORS 656.228.

■ Our decision rests squarely upon the proposition that the benefits extended to the workman for himself, his wife and child, are "in lieu of all claims against his employer" (ORS 656.152) by the workman or by his wife. *Bigby v. Pelican Bay Lumber Co.,* supra.

■ The constitutionality of the statute thus construed is not seriously challenged here nor have any of the courts whose decisions we have cited and which support our conclusion considered it necessary even to consider the constitutional question. We are of the opinion that the act as construed is valid. The cause has been ably presented by both parties.

The judgment of the learned circuit judge is affirmed.