**Avis A. BIDDLE, Plaintiff,**

v.

**EDWARD HINES LUMBER CO., a corporation, and Charles Tistad, Defendants.**

**Civ. No. 61–480.**

United States District Court
D. Oregon.

March 14, 1962.

Elmer B. Sahlstrom, Eugene, Or., for plaintiff.

R. E. Kriesien, Meindl, Mize, & Kriesien, Portland, Or., for defendant.

EAST, District Judge.

I am satisfied that plaintiff's complaint in the above-entitled action fails to allege facts upon which the plaintiff can obtain relief against the defendant Charles Tistad. Therefore, the mentioned defendant's motion for an order dismissing plaintiff's complaint and her action thereunder against him should be allowed.

Now dealing with the defendant's objection to two of plaintiff's proposed pretrial order contentions, from a reading of the complaint it appears that the plaintiff was the wife of Morris W. Biddle (Biddle) at a time when Biddle was employed by the defendant Edward Hines Lumber Co. in the sawmill of defendant at Westfir, Oregon, and that Biddle and his employer were engaged in work involving risk and danger within the meaning of the Oregon Employers' Liability Act in that Biddle was required to work in and about power-driven machinery, belts and conveyors and Biddle and his

mentioned employer were engaged in a hazardous occupation within the meaning of the Oregon Workmen's Compensation Act, to-wit: sawmilling.

It further appears from the complaint that on or about March 16, 1960, Biddle, while in the course of his employment, received accidental injuries that ultimately proximately resulted in long periods of disability and a loss of a leg by amputation. It further appears from the allegations of the complaint that Hines was liable for Biddle's injury and resulting condition by reason of its failure to exercise that degree of care in the operation of its sawmill towards Biddle, as required by the mentioned Compensation Act, and particularly those sections thereof generally known as the Employers' Liability Act.

It further appears from the complaint that the plaintiff seeks to recover damages from Hines for the "loss of consortium" of her husband by reason of his injuries and the disabilities mentioned.

Defendant objects to that portion of plaintiff's proposed pretrial order contention I, appearing within the brackets and italicized, to-wit:

"That at all times herein mentioned, Morris W. Biddle was employed by Defendant, Edward Hines Lumber Co., a corporation, in the sawmill of said Defendant and [*he and his employer were engaged in work involving risk and danger within the meaning of the Oregon Employers' Liability Act in that Morris W. Biddle was required to work in and about power driven machinery, belts and conveyors, and he and his employer were engaged in a hazardous occupation within the meaning of the Oregon Workmen's Compensation Act, to-wit, sawmilling.*]"

Defendant objects to that portion of the plaintiff's proposed pretrial order contention V, appearing within the brackets and underscored, as follows:

"That at all times herein mentioned, defendant, Edward Hines Lumber Company, a corporation, [*failed to use every device, care and precaution practicable to have been used;*] violated the quoted Safety Code provisions, and was negligent in one or more of the following particulars:

"(1) In failing to install, maintain or provide any or adequate guards in and about the conveyor chain, shaft, pulley and"

ORS 108.010 provides, *inter alia*, as follows:

"All laws which impose or recognize civil disabilities upon a wife which are not imposed or recognized as existing as to the husband hereby are repealed; * * * *including, among other things, the right of action for loss of consortium of her husband.*"
[Emphasis supplied.]

It is plain that under the doctrines of Kosciolek v. Portland Ry., Light & Power Co., 81 Or. 517, 160 P. 132 (1916) and Sheard v. Oregon Electric Ry. Co., 137 Or. 341, 2 P.2d 916 (1931), that the right of action for loss of consortium of the husband was not available to the wife in Oregon. Although a number of sister states joined the Oregon rule during the year 1940, strong jurisdictions began to break away from this unrealistic doctrine, much as there has been a tremendous realistic swing by an ever-increasing number of jurisdictions discarding as a prerequisite the element of privity in an action based upon an alleged breach of warranty in the sale of goods.

No doubt it was along the lines of the thinking of these ever-increasing number of jurisdictions recognizing the right of action for loss of consortium upon the part of the wife that the Legislature of Oregon provided in 1941 for the above underscored provisions of statutory law, now codified in ORS 108.010.

In Ellis v. Fallert, 209 Or. 406, 307 P. 2d 283 (1957), the issue was whether the wife was entitled to recover for loss of consortium when her husband was injured in the course of his employment while covered by the Workmen's Com-

pensation Act. The court recognized that ORS 108.010 recognized and provided for a wife's right of action for loss of consortium of her husband, who had been injured by another, but denied the plaintiff's wife's recovery on such a right because her husband's employment was subject to the provisions of the Workmen's Compensation Act, under which "[t]he rights and remedies provided by the Workmen's Compensation Act are exclusive." The essence of the result of Ellis is found in the following language (209 Or. p. 411, 307 P.2d p. 285):

> "* * * the right of a wife to sue for loss of consortium is measured by the right which a husband has to sue for loss of consortium when his wife is wrongfully injured, * * *."

Hines here contends that a wife's action for loss of consortium of her injured husband is restricted to common law, and since the remedies allowed an injured workman under the provisions of the Employer's Liability Act extend beyond an employer's common law duties towards his workmen, the plaintiff does not in this instance have a right of action for loss of consortium. With this contention I cannot agree. Under the provisions of the Employers' Liability Act, an employer retains all of his common law duties to his employees, while in some respects the standard of care the employer shall exercise towards the employee is increased. It would be untenable to say that a wife would enjoy the right of action for loss of consortium of her husband when merely the common law rights of the husband were violated, and deny the right when the rights of the husband, measured by a higher degree of care owed to him, are violated.

I conclude that Hines' objections to plaintiff's proposed pretrial order contentions aforesaid should be denied.

Nothing herein contained should be construed as any conclusions with reference to any contention that the defendant might make with reference to alleged contributory negligence on the part of Biddle which proximately contributed to his injuries. That question is open until some contention of Hines in that regard is raised. Respective counsel for the parties are requested to submit proposed appropriate orders in conformity with the foregoing conclusions.