Argued April 11, affirmed October 24, 1962

# KINNEY v. SOUTHERN PACIFIC CO.

375 P. 2d 418

*Mercedes F. Deiz,* and *Nels Peterson,* Portland, argued the cause for appellant. With them on the brief were Peterson, Lent & Paulson, Portland.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf, and John Gordan Gearin, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and GOODWIN, Justices.

PERRY, J.

The plaintiff's husband was injured while an employee of the defendant railroad company. Plaintiff brought this action on her own behalf for damages suffered through loss of consortium. The cause was submitted to a jury and a verdict returned for the defendant. From the judgment entered on the verdict, the plaintiff appeals.

The plaintiff assigns error in three particulars. First, the trial court erred in receiving evidence and submitting to the jury the issue of whether or not the plaintiff's husband was injured while employed by the defendant in its furtherance of interstate commerce; second, the trial court erred in receiving in evidence the judgment obtained by plaintiff's husband for the damages he personally obtained for his injuries; and third, the failure of the trial court to instruct the jury on the Basic Safety Code of the State of Oregon, adopted by the State Industrial Accident Commission pursuant to ORS 654.035.

The plaintiff does not raise the issue as to whether the plaintiff's husband's employment at the time of injury was in fact in the furtherance of interstate as distinguished from intrastate commerce, but argues that a finding that plaintiff's husband's employment was in interstate commerce would not bar her recovery for loss of consortium.

There is no doubt that an action for loss of consortium by a wife exists in the state of Oregon. ORS 108.010; *Ellis v. Fallert et al*, 209 Or 406, 307 P2d 283; *Smith v. Smith*, 205 Or 286, 287 P2d 572.

In *Ellis v. Fallert et al*, supra, it is pointed out that under the Workmen's Compensation Act in this state, the husband's coverage under the Act precluded re-

covery by the wife for loss of consortium because the remedy provided under the Act itself "is exclusive."

The question then raised is whether the Federal Employers' Liability Act is, like our Workmen's Compensation Act, also "exclusive" and is in lieu of all other claims against the employer.

The plaintiff relies heavily upon *Hitaffer v. Argonne Co.,* 183 F2d 811, which involved application of the Federal Longshoremen's and Harbor Workers' Compensation Act. In *Hitaffer v. Argonne,* the Appeals Court held that although the statute stated that the liability of an employer liable under the Act "shall be exclusive and in place of all other liability of such employer to his employee, his legal representative, husband or wife, * * *" the wife might still recover for her loss of consortium. This particular case, decided by the United States Court of Appeals for the District of Columbia, is discussed by Mr. Justice BRAND in *Ellis v. Fallert et al,* supra, and while the court distinguished the cases, it is to be noted that the reasoning of the Hitaffer case was in fact disapproved.

When there is added to our own doubt as to the soundness of *Hitaffer v. Argonne,* supra, this language, "We agree with appellant that this court incorrectly applied the controlling statute in the Hitaffer case, and for the reasons now discussed we overrule *Hitaffer v. Argonne Co.* as to the interpretation of Section 5 of the Act," then the Hitaffer case ceases to be authority. *Smither & Company, Inc. v. Coles,* USCA DC (1957), 242 F2d 220. See also, *Thibodeaux v. J. Ray McDermott & Co., Inc.,* USCA 5th (1960), 276 F2d 42.

In *New York Central R. R. Co. v. Winfield,* 244 US 147, it is clearly pointed out that the congress in enacting the Federal Employers' Liability Act, 45 USCA,

§ 51, et seq., had pre-empted this field as to carriers engaged in interstate commerce; that this congressional action thus determined that injuries received by such carrier employees are to be compensated under the Act and the liability of employers to their employees is to be determined exclusively under the Act, and therefore the states have no power to afford other relief which may create a liability upon the employer.

In *New York Central v. Tonsellito,* 244 US 360, 37 S Ct 620, 61 L Ed 1194, the court reaffirmed these principles set forth in *New York Central R. R. v. Winfield,* supra, in an action brought by a father to recover for the loss of his minor son's services due to an injury received by the son who had recovered compensation under the Federal Employers' Liability Act, stating, "Congress having declared when, how far, and to whom carriers shall be liable on account of accidents in the specified class, *such liability can neither be extended nor abridged by common or statutory laws of the State."* (Emphasis added.)

We are unable to discover any logical reasoning that would permit recovery in an action for loss of consortium by a wife, and not allow a recovery in an action by a parent for loss of a child's services, under this sweeping language of the Supreme Court of the United States. We are bound by these decisions.

The Supreme Court of the State of Georgia in the recent case of *Louisville & Nashville Railroad Co. v. Lunsford,* 216 Ga 289, 116 SE2d 232, a case in which a wife sought to maintain an action for loss of consortium when the husband had been injured while employed by a carrier and had recovered compensation under the Federal Employers' Liability Act, held as do we, that such an action cannot be maintained.

As to plaintiff's second assignment of error, it is sufficient to point out that the plaintiff, in her reply, admitted the facts now objected to, therefore, its admission into evidence could not possibly prejudice the plaintiff.

The plaintiff's third assignment of error is fully determined by our discussion of her first assignment of error.

The judgment of the trial court is affirmed.