Argued October 2, affirmed December 23, 1964, petition for
rehearing denied January 19, 1965

# ROSS *v.* CUTHBERT

397 P. 2d 529

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮

*Bernard Jolles,* Portland, argued the cause for appellant. With him on the brief were Franklin, Olsen, Bennett & Des Brisay, Portland.

*James B. Bedingfield, Jr.,* Coos Bay, argued the cause for respondent. With him on the brief were Bedingfield, Grant & Bedingfield, Coos Bay.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

▮▮▮▮

ROSSMAN, J.

This is an appeal by the plaintiff, Marjorie Ross, from a judgment based on a verdict for the defendant, Robert Dean Cuthbert. Plaintiffs seeks damages for her loss of consortium as a result of injuries inflicted upon her husband through the alleged negligence of defendant in the operation of his automobile.

On August 6, 1962, about 10:00 a.m., plaintiff's husband while driving a pickup truck, stopped in the left lane facing north on Bayshore Drive in Coos Bay and awaited an opportunity to make a left turn into a service station. While he was so stopped, his car was struck from the rear by defendant's automobile which was being operated in the same direction and in the same lane of travel. The testimony is conflicting as to whether plaintiff's husband signalled his intention to turn left or to stop. Plaintiff's husband did not give a hand signal but relied upon his brake and signal lights. He testified, based upon an indi-

cator light on the dash panel in the cab of his pickup truck, that he did signal his intention to make a left turn. Defendant testified that he saw no signal of an intention to turn or stop and that if such signals were given they were hidden by a coating of mud which covered the tail lights and rear of the pickup. Visibility was clear. Defendant saw the pickup stopped in front of him when he was forty to forty-five yards to the rear of it. He removed his foot from the gas pedal and slowed down. When defendant reached a point approximately ten yards from the rear of the pickup he applied his brakes but was unable to stop, and the two vehicles collided.

Plaintiff's husband is sixty-three years of age, and prior to the time of the accident was able to provide aid, society and comfort to his wife in a normal fashion. In the accident the husband suffered a straining of and injury to the soft tissues of his neck (whiplash injury) which resulted in pain, soreness and limitation of motion. The record contains expert testimony which indicates that plaintiff's husband has suffered a permanent loss of twenty per cent of the function of his neck and that such an injury affects the other bodily functions in general and sexual activity in particular. Plaintiff testified that subsequent to the accident her husband was unable to perform the household chores and duties that he had before and that he was unable to participate in the couple's marital relations as he previously had done.

The complaint alleged that the defendant was negligent in failing to keep his vehicle under control, in failing to maintain a proper lookout, in operating his vehicle at an excessive speed, in following too closely, and in failing to stop or turn so as to avoid the accident. Defendant denied the allegations and alleged

as an affirmative defense that plaintiff's husband was guilty of contributory negligence in failing to signal his intentions and in failing to keep his signal lights free from mud and dirt which rendered them impossible of observation.

Plaintiff assigns as error the order of the trial court overruling her demurrer to defendant's separate answer and affirmative defense. The issue is: does the contributory negligence of one spouse operate as a bar to the other spouse's action for loss of consortium. The precise question thus presented is one of first impression in our state.

■ It is clear that a wife has an action for loss of consortium. ORS 108.010 and cf. 23 ALR2d 1378, 86 ALR2d 1184. Her right of action is measured by and subject to any defenses available in a husband's action for redress of the same harm. *Ellis v. Fallert* (1957), 209 Or 406, 307 P2d 283; *Smith v. Smith* (1955), 205 Or 286, 287 P2d 572; *Kinney v. Southern Pacific Co.* (1962), 232 Or 322, 375 P2d 418.

All cases from American jurisdictions have been unanimous in allowing the husband's or wife's contributory negligence to be pleaded and proved as a bar to the other spouse's action for loss of consortium. *Chicago, B., and Q. R. Co. v. Honey* (8 Cir., 1894), 63 Fed 39, 26 LRA 42; *Callies v. Reliance Laundry Co.*, 188 Wis 376, 206 NW 198; and see 41 CJS 895, Husband and Wife, § 401(c); and 27 Am Jur 108, Husband and Wife, § 507 and cases cited therein; 2 Restatement of Torts 1280, § 494. On the other hand, commentators and modern text writers have been equally unanimous in condemning the reasoning and result reached by the courts. Prosser, Torts, 3rd ed., 1964, p. 914; 1, 2 Harper and James, The Law of Torts, 640, 1278; Gilmore, Imputed Negligence, 1921, 1 Wis. L. R. 193, 203,

211; case note, 1932, 80 U Pa L R 1128, 1130; Gregory, Vicarious Responsibility and Contributory Negligence, 1932, 41 Yale L. J. 831; case note, 1933, 13 B.U.L.R. 725; Gregory, The Contributory Negligence of Plaintiff's wife or child in an Action for Loss of Services, etc., 1935, 2 U. Chi. L.R. 173; James, Imputed Contributory Negligence, 1954, 14 La. L. R. 340, 353; Heniss, Imputed Contributory Negligence, 1959, 26 Tenn L. R. 531, 540, 541; and cf. 1 Restatement of Torts 1267, Sec. 485. Older, nineteenth century, text writers stated emphatically that the defense would apply at common law. I Shearman and Redfield, Negligence, Rev. ed. 221, 337; Beach, Contributory Negligence, 3rd ed. re., 1899, p. 166, 167.

In the analogous situation of a parent's suit for loss of services of his child due to defendant's negligence, it has been stated or assumed, without discussion, that the child's contributory negligence, if the child is of sufficient age to be capable of negligent conduct, will operate as a bar. *Whang v. Hong* (1955), 206 Or 125, 290 P2d 185, 291 P2d 720; *Boyd v. Portland Electric Co.* (1901), 40 Or 126, 66 P 576; *Macdonald v. O'Reilly* (1904), 45 Or 589, 78 P 753.

The following is quoted from Harper and James, The Law of Torts, page 640:

"It is held that since the husband's action for loss of consortium is derived from the wife's action, a valid defense to her action will also bar his. Thus the wife's contributory negligence will not only bar a recovery by her but it will also bar him. This has certain illogical aspects to it. If there are different interests invaded by different wrongs, it might be thought irrelevant to the husband's cause of action that the wife's has been barred by her contributory negligence. If we are to accept the principle of the Restatement of Torts, negli-

gence is not 'imputed' to a plaintiff unless his relationship to the person whose negligence is involved is such as to make him liable for that person's negligence if it resulted in injury to a third person. Here, the husband is not in modern law liable for his wife's torts and accordingly should not be barred from recovery against a third person by her negligence. To assign, as a reason, the derivative character of his action is really begging the question since it does little more than to state the result in different language. And to state that there is but one cause of action which is 'divided' between the wife and husband is not accurate since the nature of the husband's interest is different and distinct from the wife's. In any event, the rule appears to be settled and there seems no disposition on the part of courts to change it. Of course the husband's negligence, if it contributed to his wife's injury, will bar a recovery by him although it will not affect her right to recover from the negligent third person for her own injuries."

Thus, the courts and the textbook writers are in sharp disagreement upon the issue as to whether or not a husband's contributory negligence should bar a wife from recovery in a consortium action such as this which she instituted against an alleged tort feasor whose negligence combined with the husband's in the infliction of injury upon him. The courts are unanimous in holding that the husband's contributory negligence bars the wife. The writers are unanimous that it should not.

Symmetry in the law or, termed otherwise, logical consistency is, of course, highly desirable; but of paramount importance is justice. It is apparent that the courts do not believe that a wife should be permitted to recover if her husband's injuries were the result in part of his contributory negligence. Notwithstanding the writings of the textbook authorities, the courts

do not believe that a judgment in the wife's favor under such circumstances would be just. Contributory negligence enables the litigant to take all or gives him nothing.

It is apparent that the logic of the textbook writers has not persuaded the courts that wives should be permitted to recover from an alleged tort feasor the entire amount of damages when the husband's contributory negligence was responsible for some of the amount.

■ It may be that the operation of the rule of contributory negligence which gives the victor all or nothing is a weakness in the textbook writers' logic. Evidently the courts view with disfavor a contention that a third party should pay all of the damages when the husband's own negligence was responsible for some of them. Or, it may be that the operation of the doctrine of consortium is subject to criticism when it permits a family to team up against a third party and allow the wife to recover in her name even though her husband, who drove the car, cannot recover. The wife and the husband are, of course, not strangers to each other. In the quietude of their abode it is easy for one of them to lend his or her name to the other so that a winning law suit may be filed—assuming, of course, that contributory negligence is not a road block. Considerations of the above kind may induce mutterings in the judge's conscience in harmony with the view taken over a long period of time by the men on the bench; those murmurings of the soul may be more cogent than the writers' logic. We return to the statement made in the above quotation that we took from Harper and James: "the rule appears to be settled and there seems no disposition on the part of courts to change it." Having been settled, and since we find

in ourselves no disposition to change it, we abide by the settled rule. The circuit court properly treated the plea of contributory negligence as a permissible defense.

Counsel for the plaintiff in the case at bar have relied heavily upon our decision in *Wolff v. DuPuis,* 233 Or 318, 378 P2d 707 (1963). In the Wolff case we held that one spouse suing for loss of consortium was neither entitled to the benefits nor barred by the burdens of collateral estoppel arising out of a judgment in a former action brought by the other spouse for his own injuries. One of the questions this court was asked in the Wolff case to decide, but which we did not decide because it was not before us, was the question now presented. Logically, it perhaps should follow from the Wolff case that a person ought to be able to recover for loss of consortium regardless of the right of the bodily injured spouse to recover for his own injuries. However, logic is not the only consideration. Experience also has some value in the administration of justice. The doctrine of contributory negligence, with all its faults, nonetheless survives because our system of justice has set its face against a person profiting from his own negligence combined with that of another. So long as we retain the notion that contributory negligence is a valid defense to a negligence action, then it is proper to hold that a negligent person's spouse cannot convert the fruits of his negligence into a financial recoupment for the family exchequer.

We now proceed to the two remaining assignments of error.

■ The first of the two assumes that the instructions told the jury that if the husband was guilty of negligence in the slightest degree, the plaintiff cannot

recover. We do not believe that the instructions so stated. Although they employed the term "the slightest degree," they added that if such negligence "contributed to the proximate cause of this accident," the plaintiff was barred from recovering. In other words, they told the jury with clarity that negligence upon the husband's part, in order to bar recovery, must have been a proximate cause of the accident. In criticising the instruction that was given, the appellant's (plaintiff's) brief states: "The degree involved is the degree of *contribution* and not the degree of negligence." The criticism quotes as follows from *Shelton v. Lowell, et al,* 196 Or 430, 442, 249 P2d 958.

> "It is well settled that even though a defendant is guilty of negligence that proximately causes an accident, plaintiff cannot recover if he was negligent, which negligence *contributed* in the slightest degree to the accident."

We are satisfied that the instruction, in proper form, explained to the jury the effect of contributory negligence and that it was free from error.

■ The second of the two instructions to which we just referred met with an inadequate exception. The instruction is lengthy and we therefore refrain from quoting it. The exception to the instruction reads as follows: "I will except to the court's instruction with regard to what would happen in the event plaintiff's husband died." The trial judge responded: "You may have an exception to that." Then plaintiff's counsel continued: "And, to the court's instruction there is no evidence in this case regarding permanency in regard to the loss of consortium, on the grounds, I think, there is such evidence, and it amounts to a comment on the evidence."

The appellant's basis for an award of damages was

a contention that evidence which she presented showed that the injury to her husband's neck was permanent and that therefore the jury should treat it as such. The instruction, however, in referring to the term "extent of permanency," mentioned the certainty that the husband and wife would die and that when either died the death would terminate the relationship upon which consortium was based. Although the attack which the plaintiff seeks to make in this court upon the instruction arose out of the mention of the certainty of death, we do not believe that that is the basis of the exception which she saved during the trial at the close of the instructions.

■ An exception to an instruction given to a jury should reveal to the trial judge the purported defect which the excepting party may wish to make the subject matter of attack upon appeal. The exception should be as specific and as penetrating as the stress of the trial permits. The purpose of requiring clarity of exceptions is not to gratify any possible whim of the trial judge, but to afford the trial judge an opportunity to catch exactly what is in counsel's mind and thereby determine whether the exception possesses merit to an extent that the instruction should be recast. In short, a party, upon excepting, must make known to the trial judge the specific objection which he may wish to present upon appeal. If his exception then taken possesses merit and induces the trial judge to recast his words, a subsequent appeal is avoided. But if he does not disclose what is then in his mind, a needless appeal may be the ultimate result. We do not believe that when counsel, in excepting, spoke of "permanency," he disclosed to the trial judge that what he had in mind was the trial judge's mention of the death of either husband or wife.

We are uncertain, as we will now indicate, as to the grounds of the attack upon the instruction which plaintiff's counsel had in mind when he voiced his exceptions. Did he believe that uncertainty of life is not a factor in awarding damages in a case of this character? Did he believe that only the "permanency" of the injury was the controlling factor in determining the amount of the damages which the jury should award? Did he have in mind an attack upon the part of the instruction which told the jury: "Bear in mind that there's many elements that might or could enter into the question of permanency."? Did he have in mind the part of the instruction which told the jury: "There has been no evidence here that whatever loss of consortium was caused by the lack of attention to his wife is going to continue this year or next or the year after next," or did he have in mind the part of the instruction which stated: "The court can't say to you categorically that the man is going to live thirteen or fifteen years or that he is going to treat her in the same manner that he is now."? We believe that the exception was inadequate.

Affirmed.

O'CONNELL, J., dissenting.

The majority opinion admits that "the commentators and modern text writers have been * * * unanimous in condemning the reasoning and the result reached by the courts" in holding that the spouse's contributory negligence is a bar to an action for loss of consortium.[1] The only answer to this criticism

---

[1] See the extensive list of authorities cited in the majority opinion. The suggestion that at least one court may be prepared to depart from the majority rule is found in Self v. Self, 58 Cal2d 683, 691, 376 P2d 65, 70 (1962) (describing the majority rule as unjust).

seems to be that "[h]aving been settled, and since we find in ourselves no disposition to change it, we abide by the settled rule."

This does not answer the criticism levied against the rule, and it does not discharge our responsibility as an appellate court to recognize only those principles of law that can be supported by sound reason. The majority opinion obliquely refers to possible grounds for the accepted rule by suggesting that "it may" be that "the courts" do not want "to permit a family to team up against a third party."[2] The opinion does not indicate whether *this* court agrees with the rationale which it says "may" move a court to choose the "settled rule."

Assuming that the reference to such reasoning is an endorsement of it, I believe that the critics have answered it. I do not think that any good purpose would be served by summarizing these answers in this dissent.

The majority would make it appear that it has chosen "justice" whereas the critics have chosen the bare "symmetry of the law." The writings reveal that the arguments for abolishing the rule are more than an insistence upon logical consistency alone. But even if it were conceded that this is all that the critics have to offer, they are entitled to have us explain why it is just to permit a wife to recover damages for personal injuries or injury to property in spite of her husband's contributory negligence, but that it is unjust to permit her to recover when she seeks damages for loss of

---

[2] And the majority further states that "It may be that the operation of the rules of contributory negligence which gives the victor all or nothing is a weakness in the textbook writer's logic." Frankly, I must admit that I do not know what this statement means or what it proves one way or the other in evaluating the rule urged by the legal commentators.

consortium because her husband was contributorily negligent. The majority opinion does not attempt to explain this glaring inconsistency. The difference cannot be made to rest upon the ground that actions for personal injury and property damage are independent and actions for loss of consortium are derivative. We have already decided in *Wolff v. DuPuis,* 233 Or 317, 378 P2d 707 (1963) that the latter action is non-derivative.

Why, then, do we treat two non-derivative actions differently? The same reasons for employing or not employing contributory negligence are applicable to both class of cases. If that is barren logic divorced from "justice" then I would say that we are guilty of employing it in nearly every case we decide, because we try not to use distinctions without differences.

It appears to me that the majority opinion comes down to this: We do not favor actions for the recovery of loss of consortium and so we bar them by allowing the defense of contributory negligence. I might join in this piece of judicial legislation if it were not for the fact that the legislature has already pre-empted the field (ORS 108.010) and has given us no reason to assume that actions for loss of service should be treated with any less favor than actions for other losses where the plaintiff's spouse is contributorily negligent.

I dissent. SLOAN and DENECKE, JJ. join in this dissent.