# WHITE, *Appellant,*
### *v.*
# MAXWELL, *Respondent.*

547 P2d 117

*Paul M. Ferder,* Salem, argued the cause and filed a brief for appellant.

*Ralph W. G. Wyckoff,* Salem, argued the cause and filed a brief for respondent.

TONGUE, J.

**TONGUE, J.**

This is an action for damages for the shooting of two Labrador dogs, with a counterclaim by defendant for damages for the value of 23 domestic ducks and geese killed by the dogs. The case was tried before a jury, which returned a verdict against plaintiff and in favor of defendant on plaintiff's complaint and returned a verdict of $300 in favor of defendant and against plaintiff on defendant's counterclaim. Plaintiff appeals from the resulting judgment. We affirm.

The only assignments of error by plaintiff involved instructions to the jury. For that reason we need not summarize the facts, except as they relate to such instructions.

■ Plaintiff's first assignment is that the court erred in one of its instructions. The only exception taken to that instruction, however, was a statement that plaintiff "would also object" to various instructions requested by defendant, referring to them by number, including that instruction. No reasons were given to the trial court why that instruction was in error, so as to afford to it an opportunity to correct any error in that instruction. It follows that the exception was not sufficient as the basis for an appeal for any error in giving that instruction. *Ross v. Cuthbert,* 239 Or 429, 438, 397 P2d 529 (1965).

■ The remaining assignment of error is that the trial court erred in failing to give the following instruction, as requested by plaintiff:

> "The law permits a person to kill a dog in defense of his property. However, in order to justify such a killing, a person must exercise reasonable and prudent judgment when determining whether circumstances exist *which create a necessity for such a killing.* In reaching such a decision, *regard must be given to the relative values of the dogs and the birds to be protected,* as might be *reasonably apparent* to the defendant at the time of the killing, and to the availability of alternative means to protect the property.

"If you should find from the evidence presented either that a reasonable and prudent person would have recognized that the plaintiff's dogs were *far more valuable* than the defendant's birds which were still alive at the time of the killing of the dogs, or that there were other less drastic means available to protect the birds remaining alive at the time of the killing of the dogs, then you should award the plaintiff the amount of money that is equal to the difference between the fair market value of the dogs immediately before and immediately after the occurrence." (Emphasis added)

Instead, the trial judge instructed that:

"Defendant's right to kill the dogs in protecting his property or in abating the nuisance as I have just described these rights if such existed is a right to act reasonably. The question of reasonableness of the defendant's conduct must be determined in light of all of the circumstances which existed at the time and place in question.

"Expressed another way, to judge whether the defendant's conduct was reasonable, you must determine whether he acted reasonably in light of his circumstances in which he acted and was required to act at the time and place in question."

In support of this assignment of error plaintiff contends that "regard must be given to the relative value of the dogs and the birds to be protected, as might be reasonably apparent to the defendant at the time of the killing." Plaintiff concedes that this is a case of "first impression" in Oregon on this point and that the decisions by other courts are divided, but contends that the "apparent majority" and the "better reasoned cases" adopt the "relative value" theory.

It appears that courts which have adopted the "relative value" theory are further divided on the question whether "regard must be given" to the relative value of the dog and the property attacked by it (as stated in the instructions proposed by plaintiff in this case) or whether such relative values are "a circumstance for consideration by the jury." See Annot., 15 ALR 2d 578, 591 (1951). In either event, the "relative values" to be

[ 560 ]

considered are those "reasonably apparent to the defendant at the time of the killing," as apparently conceded by plaintiff. The instruction proposed by him also recognizes that the disparity in values must be such that a reasonable person would have recognized that the dogs were "far more valuable" than the ducks which were still alive when the dogs were shot.

This is in accord with the rule as stated in Prosser, *Torts,* 117, §21 (4th ed 1971), that the killing of a dog to protect livestock "may not be privileged where it is *obvious* at the time that the value of the dog, considered with other circumstances, is *far in excess* of the damage threatened." (Emphasis added)

Upon examining the record in this case we find no substantial evidence from which the jury could properly have found that when defendant shot plaintiff's two Labrador dogs it was "reasonably apparent," to him that the dogs were "far more valuable" than the remaining ducks and geese, much less that it was "obvious" to him that the value of the two dogs was "far in excess" of the value of either the 23 ducks and geese already killed by them or the value of the five or six ducks and geese remaining alive at that time.

While this might not be true in some cases, the uncontradicted testimony in this case was that defendant had won prizes with his ducks and geese; that they were breeding stock; that the 23 which were killed had a value of between $263 and $700, and that the six which survived, but which were being attacked at the time the two dogs were shot, had a value of between $50 and $60.

Defendant, as the owner of these ducks and geese, was fully aware of their value. There was no evidence, however, that at the time of the shooting he was aware of the fact that the two dogs were pedigreed and trained for hunting and were valued by plaintiff as worth approximately $5,000, or that they had any value other than such value as might be ascribed to

[ 561 ]

two Labrador dogs who were running at large and had such a disposition as to attack domestic ducks and geese in a pen. The jury could have found that a reasonable person under those circumstances would have been of the opinion that such dogs had little or no substantial value.

In any event, there was no evidence that it was then "apparent" or "obvious" to him that the two dogs were "far more valuable" or had a value "far in excess" of the $50 or $60 which the remaining five or six ducks or geese were worth, according to the uncontradicted evidence. It follows that even if the instruction requested by plaintiff on the subject of "relative values" was a correct statement of the law, either: (1) there was insufficient evidence to require the giving of such an instruction, or (2) plaintiff was not prejudiced by the failure to give that instruction.

It would serve no useful purpose to consider whether, in future cases, the jury must be instructed that in such a case the "relative values" of the dogs killed and the poultry or livestock in question must be considered in deciding whether a defendant in such a case has acted "reasonably" because of the fact that since the trial of this case ORS 609.010 has been amended to define "livestock" to include "domesticated fowl." Thus, ducks and geese are now included within the provisions of ORS 609.150 that "any dog * * * which, while off the premises owned or under control of its owner, kills, wounds, or injures any livestock not belonging to the master of such dog, is a public nuisance and [with some exceptions] may be killed immediately by any person." See 1975 Oregon Laws, ch 749, § 2.

Under the terms of that statute "relative value" is not a factor to be considered. Indeed, plaintiff's counsel conceded on oral argument that under that amended statute, if effective at the time of the killing of these ducks and geese, plaintiff "would have had no case."

Under the facts and circumstances of this case, the question whether defendant was justified in shooting the dogs was properly submitted to the jury for decision.

The judgment of the trial court is affirmed.